## UNITED STATES v. SMITH.

(Circuit Court, W. D. Washington, W. D. March 22, 1907.)

ARMY AND NAVY—OFFENSES BY CIVILIANS—PURCHASE OF MILITARY PROPERTY FROM SOLDIER—ELEMENTS OF OFFENSE.

To warrant a conviction under Rev. St. § 5438 [U. S. Comp. St. 1901, p. 3674], for knowingly purchasing or receiving in pledge from a soldier in the military service of the United States arms, clothing, or other public property, such soldier not having the lawful right to sell or pledge the same, it must be proven beyond a reasonable doubt that defendant actually purchased or received in pledge from a soldier the property described in the indictment with knowledge that the seller or pledgor was at the time a soldier in the service of the United States, and that the property was military property such as the government issues, but it is not necessary to prove that the soldier had no lawful right to sell or pledge such property because the same is expressly prohibited by Rev. St. §§ 1242, 3748 [U. S. Comp. St. 1901, pp. 876, 2527], and the jury may in a proper case give effect to the provisions of such sections making possession of such property by a civilian presumptive evidence that the same was sold, bartered, or pledged in violation of such prohibition.

Criminal Action. Indictment for buying and receiving in pledge government property from a soldier in violation of section 5438, Rev. St. [U. S. Comp. St. 1901, p. 3674]. Evidence offered by the government to prove admissions by the defendant in giving testimony before a court-martial on the trial of the soldier for selling or pawning the property was excluded. The defendant was convicted and sentenced to pay a fine of $1,200 and costs.

P. C. Sullivan, U. S. Atty., Walter Christian, Asst. U. S. Atty., and John J. Bradley, for the United States.

A. L. Miller and C. O. Bates, for defendant.

HANFORD, District Judge (charging the jury). Gentlemen of the jury, the defendant is on trial for a criminal act. He is charged with the commission of a criminal action by the indictment against him, and it is for you to decide the question as to whether he is guilty or not guilty. Having entered a plea of not guilty, the burden is placed upon the government to prove that he is guilty by evidence sufficient to convince you beyond a reasonable doubt. All acts which are prohibited by law are not criminal, and I am going to call your attention to the provisions of the statutes of the United States which affect the case, and try to point out to you, so you will understand clearly, the element of criminality in this case, which must, to justify conviction of the defendant, be found by the jury from the evidence.

The statutes of the United States provide:

"Sec. 3748. The clothes, arms, military outfits, and accouterments furnished by the United States to any soldier shall not be sold, bartered, exchanged, pledged, loaned, or given away; and no person not a soldier, or duly authorized officer of the United States, who has possession of any such clothes, arms, military outfits, or accouterments, so furnished, and which have been the subjects of any such sale, barter, exchange, pledge, loan, or gift, shall have any right, title, or interest therein; but the same may be seized and taken wherever found by any officer of the United States, civil or military, and shall thereupon be delivered to any quartermaster, or other officer authorized to receive the same. The possession of any such clothes, arms, military outfits, or accouterments by any person not a soldier or officer of the United States shall be presumptive evidence of such a sale, barter, exchange, pledge, loan, or gift."

Now, you will see that this is a prohibitive statute, it prohibits the sale, barter, exchange of, or dealing in military goods, but it is not a criminal statute. It does not make the dealing in such property criminal nor subject any person to punishment by law. A similar statute provides that:

"Sec. 1242. The clothing, arms, military outfits, and accouterments furnished by the United States to any soldier shall not be sold, bartered, exchanged, pledged, loaned, or given away; and the possession of any such property by any person not a soldier or officer of the United States shall be prima-facie evidence of such sale, barter, exchange, pledge, loan or gift. Such property may be seized and taken from any person, not a soldier or officer of the United States, by any officer, civil or military, of the United States, and shall, thereupon, be delivered to any quartermaster or other officer authorized to receive the same."

That is not a criminal statute. It simply prohibits the disposition of the military stores of the United States, except as they are issued to soldiers in the service of the United States. Comment has been made in argument upon the failure of the government to call certain witnesses to prove that a soldier has no right to sell his blanket. Such testimony would be entirely useless because it could not add anything to the declaration of the law. The law provides that a soldier shall not sell blankets and clothing and accouterments that are furnished him for use in service. Nothing could be added by testimony of a witness.

This indictment is founded upon a statute of the United States which I will read to you, and then show you the element that constitutes criminality:

"Sec. 5438, Rev. St. [U. S. Comp. St. 1901, p. 3674]. * * * Every person who knowingly purchases or receives in pledge for any obligation or indebtedness from any soldier, officer, sailor, or other person called into or employed in the military or naval service any arms, equipments, ammunition, clothes, military stores, or other public property, such soldier, sailor, officer. or other person not having the lawful right to pledge' or sell the same, every person so offending in any of the matters set forth in this section shall be imprisoned at hard labor for not less than one nor more than five years, or fined not less than one thousand nor more than five thousand dollars."

You will observe that the provisions of this statute apply to persons who knowingly purchase or receive in pledge any of the kinds of property described here from a soldier, officer, or sailor in the service of the United States. The elements of the crime are guilty knowledge, and the actual purchase of and receiving in pledge the kind of property named and receiving it from a person in the military, service of the United States.. All those things are necessary to be proven in order to make it a criminal case. The guilty knowledge that is a necessary element of the crime is not knowledge that the act is unlawful. The law does not permit ignorance of the provisions of the law to avail as a defense in any case, but the knowledge must be knowledge of the facts, knowledge that the property offered for sale or pledge is the military stores or property of the United States—that is, arms, clothing, or property that is provided by the United States for use in the military service, and knowledge that the person offering to sell or to pledge it is a person in the military service at the time. It will be necessary, therefore, to warrant a verdict finding this defendant guilty of the crime charged in this indictment in either one of the counts, for the jury to find that the evidence convinces beyond a reasonable doubt that this defendant did knowingly purchase or receive in pledge the blanket specified in the indictment from a person who was then in the service of the United States as a soldier.

The other statutes that I have read to you contain a rule of evidence; that is, that the bare possession of such property of the United States by a person not in the service of the United States is prima facie evidence that it has been sold or pledged. Now, that is a rule which the jury have a right to consider as supplying evidence in the case. If the defendant did have this blanket in his possession, that possession was prima facie evidence that the same had been sold or pledged. It is not prima facie evidence of a guilty transaction, because it does not imply that it was taken by a purchaser or pledgee with guilty knowledge. You are instructed in this case that the presumption of law is that the defendant is innocent of the crime of which he is charged, and that presumption continues throughout the case, until shown by the United States government that he is guilty of the crime charged beyond a reasonable doubt.

The fact that the defendant himself did not go upon the witness stand and testify in this case must not be used against him in arriving at your verdict. There is no inference of guilt because he does not go upon the witness stand. That is so, gentlemen of the jury, because the Constitution of the United States does not permit any exertion of force or compulsion to make a person give evidence against himself in order to punish him for a criminal act. He has a right to be a wit-

ness on his own behalf, and he has a right under the Constitution and laws of the United States to refrain from being a witness, and, if he exercises his Constitutional rights in his own way, no one has a right to presume anything against him on account of doing what you and I and all of us may do—claim our rights. In this case you must find from the testimony beyond a reasonable doubt, before you can convict the defendant, that he knowingly received or bought, or received in pledge, the military blanket in question. The mere fact that he kept it one night would not be sufficient, unless you find from the testimony that he knowingly purchased or received in pledge a blanket belonging to the United States government from a soldier, your verdict must be for the defendant. If you cannot find from the testimony in the case that the blanket was sold or pledged by a soldier, and that the defendant received the blanket knowing it to be the property of the United States, then your verdict must be not guilty. The point of this instruction is that the knowledge of the defendant must be made to appear from the evidence. The right of a soldier to sell or pledge a blanket is not the fact to be proved, because the prohibition is declared by the law.

I have mentioned and reiterated in this charge to the jury that the evidence must be sufficient to convince you beyond a reasonable doubt that the defendant is guilty in order to justify a verdict finding him guilty, and I will say, further, that, even if there should be in your estimation a preponderance of the evidence against him, still, if it falls short of convincing you beyond a reasonable doubt that the defendant is guilty, you must render a verdict of not guilty. I want the jury to understand this rule. It is a reasonable rule, and not an unreasonable rule. The kind of a doubt that requires an acquittal after a candid consideration of the evidence is a reasonable doubt, not such a doubt as an unwilling mind would conjure up from the realms of possibility, and because of the possibility of a mistake would refuse to be convinced, but it is an actual doubt that you are conscious of, after having given the testimony a candid consideration, and such a doubt as in a matter of like importance in your own affairs would cause you to hesitate before acting—such a doubt as a reasonable person would give heed to, and would consider that his mind was unconvinced because of it.

Jury returned a verdict of guilty. Defendant filed a motion for new trial on account of insufficiency of evidence. May 20th motion argued and denied by the court. June 8th, court sentenced defendant to pay a fine of $1,200 and costs.

In pronouncing the sentence, the court said that this case was deserving of a severe penalty; that many persons are inclined to believe that the law is too severe and unnecessary. There are very good reasons for its being enforced, for there is nothing so demoralizing to the soldier and the service as this buying of clothing and uniforms by civilians.