## LOBOSCO v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

No. 96.

1. ARMY AND NAVY (§ 40*)—MILITARY CLOTHING—SANCTION—TITLE.

Under Rev. St. §§ 1242, 3748 (U. S. Comp. St. 1901, pp. 876, 2527), prohibiting the purchase, sale, pledge, loan, or gift by a soldier of any of his clothing, arms, military outfit, and accouterments, the government in supplying the soldier or recruit with equipments suitable and necessary for the discharge of his military duties retains title to the same; it being regarded as public property, whether remaining in a public depot or in the possession of the individual soldier, and this notwithstanding the soldier is allowed to retain such articles of clothing as he has then in use on the expiration of his term of service.

[Ed. Note.—For other cases, see Army and Navy, Dec. Dig. § 40.*]

2. ARMY AND NAVY (§ 40*)—EQUIPMENT—CLOTHING—SALE—OFFENSES—STATUTES—CONSTRUCTION.

Rev. St. §§ 1242, 3748 (U. S. Comp. St. 1901, pp. 876, 2527), prohibits the barter, sale, or exchange or purchase of the clothing, arms, military outfit, and accouterments of a soldier or sailor, and section 5438 (page 3674) declares that every person who knowingly purchases or receives in pledge for any obligation or indebtedness of any soldier, officer, or sailor or other person called into or employed in the military or naval service, any arms, equipments, ammunition, clothes, military stores, or other public property, such person not having the lawful right to pledge or sell same, shall be imprisoned, etc. Held, that the offense denounced is committed if the person purchases clothing or equipment knowingly from a soldier or sailor employed in military service; the government not being required to show, in addition, that defendant had knowledge that the soldier or sailor selling the articles in question did not have the lawful right to do so.

[Ed. Note.—For other cases, see Army and Navy, Dec. Dig. § 40.*]

3. ARMY AND NAVY (§ 40*)—PURCHASE OF EQUIPMENT—CLOTHING—CLOTHING ALLOWANCE.

Under Rev. St. § 5438 (U. S. Comp. St. 1901, p. 3674), making it an offense for any person to knowingly purchase or receive in pledge from a soldier or sailor any arms, equipment, ammunition, clothing, stores, or other public property, it is not material that the clothing purchased by accused from certain marines was not a part of their equipment, but was furnished to them under their clothing allowance.

[Ed. Note.—For other cases, see Army and Navy, Dec. Dig. § 40.*]

4. CRIMINAL LAW (§ 370*)—EVIDENCE—OTHER OFFENSES—SCIENTER.

Since in a prosecution for knowingly purchasing clothing from certain marines in the government service, in alleged violation of Rev. St. § 5438 (U. S. Comp. St. 1901, p. 3674), prohibiting any person from knowingly making such purchases, etc., the government was required to prove guilty knowledge, evidence of the commission of other similar offenses by accused than those charged in the indictment was admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 825–829; Dec. Dig. § 370.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Eastern District of New York.

Carmana Lobosco was convicted of knowingly purchasing and receiving certain uniform clothing of persons engaged in the marine service of the United States, and he brings error. Affirmed.

Thomas C. Whitlock, for plaintiff in error.

William J. Youngs, U. S. Atty. (W. P. Allen, Asst. U. S. Atty., of counsel).

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The section (Rev. St. § 5438 [U. S. Comp. St. 1901, p. 3674]) reads as follows:

"Every person who knowingly purchases or receives in pledge for any obligation or indebtedness from any soldier, officer, sailor or other person, called into or employed in the military or naval service, any arms, equipments, ammunition, clothes, military stores, or other public property, such person not having lawful right to pledge or sell the same, every person so offending in any of the matters set forth in this section shall be imprisoned at hard labor for not less than one, or more than five years, or fined not less than one thousand, nor more than five thousand dollars"

The defendant kept a saloon on Flushing avenue about five or six blocks from the Brooklyn Navy Yard. The evidence warranted the jury in finding that on December 12, 1909, he purchased from Thomas Murphy, a marine in the naval service of the United States, a regular marine blanket with the letters "U. S. M. C." marked upon it, and on the next day purchased six khaki shirts, two from each of three other marines also in the naval service. These garments were the uniform shirts which form part of the equipment of a marine, and the blanket is also a regular part of such equipment, being considered an article of clothing. All these men were in uniform when defendant made his purchases. When a recruit for the marine corps arrives at the navy yard he is supplied with his equipment, which he is forbidden to part with during the period of his enlistment.

This prohibition is not merely a regulation of the articles of war. Congress has deemed it of sufficient importance to be the subject of two separate sections of the Revised Statutes. Section 1242 (page 876, U. S. Comp. St.) provides:

"The clothing, arms, military outfits and accouterments furnished by the United States to any soldier shall not be sold, bartered, exchanged, pledged, loaned or given away: and the possession of any such property by any person not a soldier or officer of the United States shall be prima facie evidence of such sale, barter, exchange, pledge, loan or gift. Such property may be seized and taken from any person not a soldier or officer of the United States, by any officer, civil or military of the U. S., and shall, thereupon, be delivered to any quartermaster or other officer authorized to receive the same."

Under the title "Public Property," section 3748 (page 2527) provides:

"The clothes, arms, military outfits, and accouterments furnished by the United States to any soldier shall not be sold, bartered, exchanged, pledged, loaned or given away; and no person not a soldier, or duly authorized officer

of the United States, who has possession of any such clothes, arms, military outfits, or accouterments, so furnished, and which have been the subjects of any such sale, barter, exchange, pledge, loan or gift, shall have any right, title or interest therein; but the same may be seized and taken wherever found by any officer of the United States, civil or military, and shall thereupon be delivered to any quartermaster or other officer authorized to receive the same. The possession of any such clothes, arms, military outfits or accouterments by any person not a soldier or officer of the United States shall be presumptive evidence of such sale, barter, exchange, pledge, loan or gift."

It seems entirely clear from these sections that in supplying the recruit with an equipment suitable and necessary for the discharge of his military duties the government has been very careful to retain title to the same. It would seem to be public property, whether it remains in depot or is put in the possession of the individual soldier. The circumstance. that, when his term expires, he is allowed to retain such articles of clothing as he has then in use, does not change the character of his holding while he is in the service of the government. Three points are presented in appellant's brief.

First. It is contended that the court erred in failing to charge the jury that, in order to convict, it must be shown that defendant had knowledge that the soldier or sailor selling the article did not have the lawful right to sell the same. But the statute is not so phrased as to require such a construction. A person commits the offense when he purchases equipments knowingly from a soldier or sailor employed in the military service. It must be shown, of course, that defendant knew that what he bought was military equipment, and that the person he was purchasing from was a soldier or sailor employed in the military service. But, when that is shown, the offense of buying equipment from a soldier or sailor is made out, although defendant may show, if he can, that the particular article purchased was not issued to the soldier or sailor, but was otherwise acquired by him, and was an article which he had a right to sell, and to which the government had no claim. In the case at bar the court charged that, in order to convict, "you must consider whether the government has proved beyond reasonable doubt that the defendant knew that he was dealing with a man or men in active service, and that he knew that they were selling him a part of their equipment, and that it is also shown to you from the testimony that the articles in question had not been procured from any other source." We do not find any error in this charge, and do not find it at all in conflict with that in the authority cited by defendant (U. S. v. Smith [C. C.] 156 Fed. 860), where the jury was charged that, to warrant a verdict of guilty, it was necessary for the jury to find "that the evidence convinces beyond a reasonable doubt that this defendant did knowingly purchase or receive in pledge the blanket specified in the indictment from a person who was then in the service of the United States."

Second. It is assigned as error that the court did not dismiss the indictment on the ground that the goods purchased were not a part of the equipment of the marines, because they were furnished to them under their clothing allowance. There are two conflicting decisions, both in District Courts, as to the status of articles issued to the soldier or sailor under his clothing allowance, viz., U. S. v. Michael, 153

Fed. 609, and U. S. v. Hart, 146 Fed. 202. We concur with the conclusion in the Hart Case, for reasons which are sufficiently set forth in the earlier part of this opinion. The circumstance that in re-enacting section 5438 or part of the federal Penal Code (section 35) Congress has added the words, "whether furnished to the soldier, sailor, officer or person under a clothing allowance or otherwise," is not important. It was a mere matter of precaution in view of the two conflicting decisions last above cited.

Third. It is further assigned as error that the court admitted evidence of other similar offenses than those charged in the indictment. But it is conceded by plaintiff in error that such testimony may be admitted where the government has to establish guilty knowledge, and in this case it had to establish such guilty knowledge that the purchases were from persons in active service of part of their equipment furnished for use in that service.

The judgment is affirmed.