### ONTAI v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 3, 1911.)

No. 1,929.

1. ARMY AND NAVY (§ 40*)—OFFENSES BY CIVILIANS—PURCHASING PROPERTY FROM SOLDIER—"PUBLIC PROPERTY."

Clothing furnished to a soldier by the United States under a clothing allowance does not become his private property which he has a right to dispose of while in the service, but is "public property" within section 35 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1095 [U. S. Comp. St. Supp. 1909, p. 1401]), which makes it a criminal offense to knowingly purchase or receive in pledge from any soldier "any arms, equipments, ammunition, clothes, military stores, or other public property, whether furnished to the soldier * * * under a clothing allowance or other-

wise, such soldier * * * not having the lawful right to pledge or sell the same."

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 83–87; Dec. Dig. § 40.*

For other definitions, see Words and Phrases, vol. 6, p. 5815; vol. 8, p. 7773.]

2. ARMY AND NAVY (§ 40*)—CONSTITUTIONAL LAW (§ 258*)—CRIMINAL LAW (§ 1213*)—OFFENSES BY CIVILIANS—CONSTITUTIONALITY OF STATUTE.

Section 35 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1095 [U. S. Comp. St. Supp. 1909, p. 1401]), which authorizes the imposition of a maximum fine of $500 and imprisonment for not more than two years upon a civilian for knowingly purchasing or receiving in pledge any public property from a soldier, is not unconstitutional as providing for an excessive fine or a cruel and unusual punishment, nor as providing for the taking of property without due process of law.

[Ed. Note.—For other cases, see Army and Navy, Dec. Dig. § 40;* Constitutional Law, Cent. Dig. § 748; Dec. Dig. § 258;* Criminal Law, Cent. Dig. §§ 3304–3309; Dec. Dig. § 1213.*]

In Error to the District Court of the United States for the Territory of Hawaii.

Criminal prosecution against Carl Ontai. Judgment of conviction, and defendant brings error. Affirmed.

The plaintiff in error was convicted under an indictment which charged that he "did feloniously, willfully, and knowingly purchase from Wyatt L. Clay, then and there being a soldier employed in the military service of the United States, he, the said Wyatt L. Clay, not having the lawful right to sell the same, certain public property of the said United States of America, to wit, one shirt, of the value of $2.50." The evidence on the trial showed that the plaintiff in error knowingly purchased a certain shirt from Wyatt L. Clay, who was then and there a soldier in the military service of the United States, as was known to the plaintiff in error, and that the shirt had been issued to such soldier under the laws of the United States and the regulations of the War Department as a clothing allowance. The statute under which the plaintiff in error was indicted and convicted is section 35 of the Penal Code of the United States, the latter portion of which reads as follows: "Whoever shall knowingly purchase or receive in pledge for any obligation or indebtedness from any soldier, officer, sailor, or other person called into or employed in the military or naval service, any arms, equipments, ammunition, clothes, military stores, or other public property, whether furnished to the soldier, sailor, officer, or person under a clothing allowance or otherwise, such soldier, sailor, officer, or other person not having the lawful right to pledge or sell the same, shall be fined not more than five hundred dollars and imprisoned not more than two years."

Philip L. Weaver, for plaintiff in error.

Robt. T. Devlin, U. S. Atty., Robert W. Breckons, U. S. Atty., and William T. Rawlins and Earl H. Pier, Asst. U. S. Attys.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the refusal of the court to instruct the jury to acquit the plaintiff in error on the ground that the property which he purchased of the soldier had been allowed to the latter under a clothing allowance, whereby it became his individual private property, held

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by him subject only to his contract with the United States not to dispose of the same, but with a tenure which permitted another to purchase the same without incurring any penalty for violation of the statute, and it is contended that the indictment having charged the purchase of public property of the United States, and the proof having shown that the purchase was an article of clothing which had been allowed to a soldier, the variance between the indictment and proof was fatal. The plaintiff in error cites United States v. Michael (D. C.) 153 Fed. 609, a case in which the court, in construing section 5438 of the Revised Statutes (U. S. Comp. St. 1901, p. 3674), held that a civilian did not commit a penal offense in purchasing from a soldier clothing issued to the latter during the term of his enlistment, and that clothing when issued to an enlisted soldier under the rules of the War Department was no longer public property, but was the soldier's private property. That decision, however, in our opinion is not sustained by reason or by authority. The contrary was held in United States v. Hart (D. C.) 146 Fed. 202; United States v. Koplik (C. C.) 155 Fed. 919; United States v. Smith (C. C.) 156 Fed. 859. It is true that one of the promises held out to the soldier about to enlist is the payment to him of a certain sum of money, and the allowance to him of certain specified clothing. But the clothing which he receives is held by a different tenure from the money. The latter is the soldier's to spend at his will. The clothing is part of his equipment for services which he is to render to the United States. He gets no property right in it other than the right to wear it. It is as much a portion of his equipment as is his gun or his ammunition. It remains public property of the United States. Section 1242 of the Revised Statutes (U. S. Comp. St. 1901, p. 876) declares that the clothing furnished by the United States to any soldier shall not be sold, bartered, or exchanged, pledged, loaned or given away. Section 3748 (U. S. Comp. St. 1901, p. 2527) provides for the seizure of such public property which has been sold or bartered, pledged, loaned, or given away. The decisions above cited were all rendered prior to the enactment of the present statute as it is expressed in section 35 of the Penal Code. By that section the intention of Congress is made clear beyond question to declare all property secured by a soldier under his clothing allowance to be public property of the United States. That statute specifies "any" arms, equipment, ammunition, clothing, etc., "or other public property," and then follows the words: "whether furnished to the soldier, sailor, officer or person under a clothing allowance or otherwise"—thus expressing the will of Congress that a soldier shall acquire no right in any such property, and that one who, knowing him to be a soldier, shall purchase the same, shall incur the penalty denounced by the act.

[2] We find no merit in the contention that section 35 is unconstitutional as providing for an excessive fine or cruel and unusual punishment prohibited by the eighth amendment. The statute provides for a maximum punishment of imprisonment for two years, and a fine of $500. It vests in the trial court discretion to adjust the punishment to the offense. It is conceivable that offenses might be committed

under the statute which would deserve the full measure of punishment permitted thereby. The contention that the act is unconstitutional as providing for the taking of property without due process of law assumes that the property belongs to the soldier, an assumption which we have already considered and discussed.

The judgment is affirmed.