BOLLAND v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   July 6, 1916.   Rehearing Denied
November 28, 1916.)

No. 1448.

1. CRIMINAL LAW ⬧⟾535(2)—CONFESSION—SUFFICIENCY OF CORROBORATION.

On the trial of a defendant for knowingly receiving in pledge from a soldier an automatic pistol, the property of the United States, in violation of Pen. Code, § 35 (Act March 4, 1909, c. 321, 35 Stat. 1095 [Comp. St. 1913, § 10199]), the confession of the defendant that he received the pistol in pledge from a soldier was sufficiently corroborated to justify the submission of the case to the jury by evidence showing that the pistol was issued to a soldier, and that it was found in the possession of defendant, whose place of business was very near the reservation on which such soldier was stationed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1226; Dec. Dig. ⬧⟾535(2).]

2. ARMY AND NAVY ⬧⟾40—PROSECUTION FOR PURCHASING ARMS FROM SOLDIER
—EVIDENCE.

Evidence that the pistol was found in defendant's possession was sufficient to sustain a verdict of guilty under Rev. St. §§ 1242 and 3748 (Comp. St. 1913, §§ 1973, 6941), which make such possession by one not an officer or soldier of the United States prima facie evidence that it was obtained in violation of the statute.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 83–87; Dec. Dig. ⬧⟾40.]

3. ARMY AND NAVY ⬧⟾40—PROSECUTION FOR PURCHASING ARMS FROM SOLDIER
—EVIDENCE.

Evidence offered by defendant to show that the pistol had been charged to the soldier was properly excluded, where the evidence did not show that he was the owner at the time it was pledged, but that the charge was made after its loss was known.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 83–87; Dec. Dig. ⬧⟾40.]

In Error to the District Court of the United States for the Eastern District of South Carolina, at Florence; Henry A. M. Smith, Judge.

Criminal prosecution by the United States against J. W. Bolland. Judgment of conviction, and defendant brings error.   Affirmed.

Geo. F. von Kolnitz, Jr., of Charleston, S. C., for plaintiff in error.

Francis H. Weston, U. S. Atty., of Columbia, S. C. (J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before PRITCHARD and KNAPP, Circuit Judges, and JOHNSON, District Judge.

PRITCHARD, Circuit Judge.   This is a criminal action instituted in the District Court of the United States for the Eastern District of South Carolina.   The defendant was tried for a violation of section 35 of the federal Penal Code of 1910.   The portion that relates to this case is in the following language:

" * * * And whoever shall knowingly purchase or receive in pledge for any obligation or indebtedness from any soldier, officer, sailor, or other person

⬧⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

called into or employed in the military or naval service, any arms, equipments, ammunition, clothes, military stores, or other public property, whether furnished to the soldier, sailor, officer, or person, under a clothing allowance or otherwise, such soldier, sailor, officer, or other person, not having the lawful right to pledge or sell the same, shall be fined not more than five hundred dollars, and imprisoned for not more than two years."

The indictment charged the defendant with knowingly receiving in pledge from a soldier certain property of the United States, to wit, a certain Colt automatic pistol.

The witness for the government testified that the pistol in question was found in the store of the defendant, which is a small grocery store on Sullivan's Island, S. C., near the government reservation; that the pistol was government property; and that the defendant confessed to receiving the same in pledge from a soldier. It was sought to be proven by one of the witnesses that the pistol, when its loss was discovered, had been charged to and paid for by the soldier to whom it was issued. The court excluded this testimony, to which defendant excepted. The defendant offered no further evidence, but moved the court to direct a verdict of not guilty on the ground that the corpus delicti had not been established by evidence independent of the extrajudicial confession of the accused. The court below overruled this motion upon the ground that there were circumstances corroborative of the confession made by defendant, and that therefore the same should be submitted to the jury for its consideration, to which defendant excepted. The jury found the defendant guilty, and upon which judgment was entered. The case comes here on writ of error.

[1] The first assignment of error is to the effect that the presiding judge erred in overruling and refusing a motion of defendant for the direction of a verdict of not guilty at the close of the government's evidence. This motion was based upon the contention that the corpus delicti of the crime had not been established by evidence independent of the confession of the accused. We think that this assignment is without merit for the following reasons: In addition to the defendant's confession, the government established the fact that the pistol in question was issued by the quartermaster sergeant to one Cartlidge, a musician and member of the 145th Company of the United States Coast Artillery. It was further shown that defendant's grocery store was located very near the government reservation on Sullivan's Island, where the company to which we have referred was stationed. It is true that some of these facts were only circumstantial, but, nevertheless, they tended to corroborate the confession of the defendant.

In the case of United States v. Williams, 1 Cliff. 28, Fed. Cas. No. 16,707, the Supreme Court said:

"All that can be required is that there should be corroborative evidence tending to prove the facts embraced in the confession; and, where such evidence is introduced it belongs to the jury, under the instructions of the court, to determine upon its sufficiency."

We think the evidence offered to corroborate the confession of the defendant was such as to warrant the jury in inferring that the defendant knew that Cartlidge was a soldier, and also that the pistol was government property.

[2] This leaves the remaining point as to whether the pistol was actually pledged to the defendant. Section 1242 of the Revised Statutes is as follows:

"The clothing, arms, military outfits, and accoutrements furnished by the United States to any soldier shall not be sold, bartered, exchanged, pledged, loaned, or given away; and the possession of any such property by any person not a soldier or officer of the United States shall be prima facie evidence of such sale, barter, exchange, pledge, loan, or gift. Such property may be seized and taken from any person, not a soldier or officer of the United States, by any officer, civil or military, of the United States, and shall, thereupon, be delivered to any quartermaster or other officer authorized to receive the same."

Also, section 3748 is as follows:

"The clothes, arms, military outfits, and accoutrements furnished by the United States to any soldier shall not be sold, bartered, exchanged, pledged, loaned, or given away; and no person not a soldier, or duly authorized officer of the United States, who has possession of any such clothes, arms, military outfits, or accoutrements, so furnished, and which have been the subjects of any such sale, barter, exchange, pledge, loan, or gift, shall have any right, title, or interest therein; but the same may be seized and taken wherever found by any officer of the United States, civil or military, and shall thereupon be delivered to any quartermaster, or other officer authorized to receive the same. The possession of any such clothes, arms, military outfits, or accoutrements by any person not a soldier or officer of the United States shall be presumptive evidence of such a sale, barter, exchange, pledge, loan, or gift."

In the foregoing it is provided that all clothes, arms, military outfits, etc., furnished by the United States to any soldier or officer is not to be sold, bartered, exchanged, etc., and that the "possession" of any such property by any person not a soldier or officer of the United States shall be prima facie evidence of such sale, barter, exchange, pledge, loan, or gift. The fact that the pistol was found in the possession of the defendant, who was not a soldier or officer of the United States, ·was presumptive evidence that the same had been pledged to the defendant.

[3] By the second assignment of error it is insisted that the court below erred in excluding the testimony sought to be adduced from the witness Green upon cross-examination. The defendant offered to show that the pistol had been charged to and paid for by the musician to whom it was issued. If the defendant had offered testimony tending to show that at the time the pistol was pledged the soldier had purchased the pistol from the government, and was therefore the owner of the same at the time he pledged it to defendant, then such testimony would have been very material to the issue. Indeed, if the defendant had established that fact, it would have been a complete defense, and he would have been entitled to acquittal. The defendant did not offer to show that the musician purchased, and was therefore the actual owner of the pistol at the time the same was pledged. He simply offered to show that the value of the pistol was charged to the musician when its loss was discovered, but this was only in the nature of a penalty upon the soldier for his failure to observe the rules and regulations, and could not have the effect of vesting the title in the soldier, nor could it relieve the party who knowingly received it in

pledge from the penalty imposed by the statute. The fact that the title to the pistol was in the government at the time the same was pledged makes the offense complete under the statute, and to show that the value of the pistol had been charged to the soldier by the government could not in any wise affect the guilt or innocence of the defendant.

In the case of Lobosco v. United States, 183 Fed. 742, 106 C. C. A. 476, the Circuit Court of Appeals for the Second Circuit, in discussing a cause somewhat analogous to this, said:

"It seems entirely clear from these sections that, in supplying the recruit with an equipment suitable and necessary for the discharge of his military duties, the government has been very careful to retain title to the same. It would seem to be public property, whether it remains in depot or is put in the possession of the individual soldier. The circumstance that, when his trust expires, he is allowed to retain such articles of clothing as he has then in use, does not change the character of his holding while he is in the service of the government."

Also, in the case of Ontai v. United States, 188 Fed. 310, 110 C. C. A. 288, where the defendant was charged with purchasing a shirt from a soldier, the Circuit Court of Appeals for the Ninth Circuit said:

"Error is assigned to the refusal of the court to instruct the jury to acquit the plaintiff in error on the ground that the property which he purchased of the soldier had been allowed to the latter under a clothing allowance, whereby it became his individual private property, held by him subject only to his contract with the United States not to dispose of the same, but with a tenure which permitted another to purchase the same without incurring any penalty for violation of the statute, and it is contended that the indictment having charged the purchase of public property of the United States, and the proof having shown that the purchase was an article of clothing which had been allowed to a soldier, the variance between the indictment and proof was fatal. The plaintiff in error cites United States v. Michael (D. C.) 153 Fed. 609, a case in which the court, in construing section 5438 of the Revised Statutes (U. S. Comp. St. 1901, p. 3674), held that a civilian did not commit a penal offense in purchasing from a soldier clothing issued to the latter during the term of his enlistment, and that clothing when issued to an enlisted soldier under the rules of the War Department was no longer public property, but was the soldier's private property. That decision, however, in our opinion is not sustained by reason or by authority. The contrary was held in United States v. Hart (D. C.) 146 Fed. 202; United States v. Koplik (C. C.) 155 Fed. 919; United States v. Smith (C. C.) 156 Fed. 859. It is true that one of the promises held out to the soldier about to enlist is the payment to him of a certain sum of money, and the allowance to him of certain specified clothing. But the clothing which he receives is held by a different tenure from the money. The latter is the soldier's to spend at his will. The clothing is part of his equipment for services which he is to render to the United States. He gets no property right in it other than the right to wear it. It is as much a portion of his equipment as is his gun or his ammunition. It remains public property of the United States. Section 1242 of the Revised Statutes (U. S. Comp. St. 1901, p. 876) declares that the clothing furnished by the United States to any soldier shall not be sold, bartered, or exchanged, pledged, loaned, or given away. Section 3748 (U. S. Comp. St. 1901, p. 2527) provides for the seizure of such public property which has been sold or bartered, pledged, loaned, or given away. The decisions above cited were all rendered prior to the enactment of the present statute as it is expressed in section 35 of the Penal Code. By that section the intention of Congress is made clear beyond question to declare all property secured by a soldier under his clothing allowance to be public property of the United States. That statute specifies 'any' arms, equip-

ment, ammunition, clothing, etc., 'or other public property,' and then follow the words: 'Whether furnished to the soldier, sailor, officer or person under a clothing allowance or otherwise'—thus expressing the will of Congress that a soldier shall acquire no right in any * * * property, and that one who, knowing him to be a soldier, shall purchase the same, shall incur the penalty denounced by the act."

From what we have already said we do not deem it necessary to discuss the third assignment of error.

It is insisted by the fourth assignment that the court below erred in charging the jury that under the statute in question the same presumption existed that existed by law in the case of stolen goods in the possession of a party, to wit, that one recently found in the possession of stolen goods was presumptively the receiver of stolen goods with knowledge of the fact that they were stolen. The reference by the court below to a case where one is charged with being the receiver of stolen property was obviously made for the purpose of illustrating the meaning of the statute which we have just quoted. The fact that the defendant had the pistol in his possession and that it was government property certainly cast upon him the burden of showing that he purchased it from one who had title to the same.

We have carefully considered the fifth assignment of error and are of opinion that the same is without merit.

The sixth assignment of error is in the nature of an argument which could have, with propriety, been made by counsel for defendant in addressing the jury, except that portion of it which requested the court to charge that in order to find the defendant guilty the jury should be satisfied beyond a reasonable doubt. The court fully explained this rule to the jury, and therefore its action in refusing to grant this request was eminently proper.

The eighth assignment of error is untenable, and requires no discussion at our hands.

For the reasons stated, the judgment of the lower court is affirmed.