No. 20,815.

THE STATE OF KANSAS, *Appellee,* v. J. O. THORNHILL, *Appellant.*

SYLLABUS BY THE COURT.

1. PERJURY—*Evidence of Official Capacity of Justice to Administer Oath.* In a criminal prosecution for perjury the justice before whom the alleged false testimony was given may testify to his official capacity without producing a record of his election and qualification. Evidence of his residence and official character together with proof that the testimony was given in a proceeding before him is sufficient proof of the venue.

2. SAME—*De Facto Officer.* A *de facto* title to the office of justice of the peace is sufficient to authorize the administration of the oath upon which perjury is assigned.

3. SAME—*Manner in Which Oath to Defendant Was Administered.* In a prosecution for perjury it is not necessary to prove that defendant held up his right hand when he was sworn as a witness, the proof showing that the justice administered to him an oath in the statutory form.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed February 10, 1917. Affirmed.

*J. E. Brooks,* and *C. O. Buckles,* both of Sedan, for the appellant.

*S. M. Brewster,* attorney-general, and *Carl Ackarman,* county attorney, for the appellee.

The State v. Thornhill.

The opinion of the court was delivered by

PORTER, J.: The defendant was charged with giving false testimony at a preliminary examination. 'He was convicted of perjury and appeals.

1. The examining magistrate was a witness and testified that he was a justice of the peace of Sedan township in Chautauqua county, and had held the office continuously for fifteen years. It is urged that this was not the best evidence, and that the record should have been produced showing that he was duly elected and qualified. The contention is quite technical. Every day in our courts, state, county, city and township officers are permitted to testify to their official capacity without producing the record of their election or appointment. Ordinarily, when the official comes from a foreign jurisdiction he is required to produce some certificate showing his official capacity. (24 Cyc. 415.)

2. Besides, the justice was at least a *de facto* officer, and a *de facto* title has been held sufficient to authorize the administration of the oath upon which the perjury is assigned. (*The State v. Williams,* 61 Kan. 739, 60 Pac. 1050; 30 Cyc. 1416.)

3. Evidence of the examining magistrate as to his residence, his official character, and that the false testimony was given in a proceeding before 'him, was sufficient proof of the venue. It was not necessary to prove that defendant held up his right hand when he took the oath. The justice testified to the form of the oath administered, which in substance follows the language of the statute. (Civ. Code, § 345.)

We are unable to discover anything substantial in the claims of error, and the judgment is affirmed.