## JORDAN v. UNITED STATES.

### No. 3310.

Circuit Court of Appeals, Fourth Circuit.
June 30, 1932.

Ernest S. Merrill and O. L. Shackleford, both of Norfolk, Va., for appellant. Walter Harrison Fisher, U. S. Atty., of Clinton, N. C., and Forest A. Harness, Sp. Asst. to Atty. Gen.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Alton L. Jordan, an attorney at law, was indicted in the District Court under 18 U. S. C. 231 (18 USCA § 231) for perjury committed in connection with a suit in equity brought by him and other attorneys in that court in the name of Margaret M. Ramsey against the Home Mortgage Company, a corporation, wherein the appointment of a receiver was prayed on the ground of the insolvency of the corporation. The bill was presented to the District Judge, with a jurat attached, wherein it was certified that Jordan had deposed that he had personal knowledge of the material allegations of the bill. The bill contained the false statement of fact, necessary to the jurisdiction of the court, that the complainant was the owner of mortgage bonds of the Home Mortgage Company in the amount of $3,500. Temporary receivers were appointed upon the bill as filed; and later, when the appointment was challenged by the corporation, the matter was referred to a special master for investigation. Jordan

appeared before this official and repeated the false statement under oath, and further testified falsely that the bonds were in his possession when the suit was filed. The appointment of receivers was subsequently made permanent; but this court, reaching a different conclusion upon the evidence, reversed the decree on appeal. See Home Mortgage Company v. Ramsey (C. C. A.) 49 F.(2d) 738. It thus appears that the defendant, an attorney and officer of the court, deliberately misstated the facts in the bill in order to secure the favorable action of the District Judge; and it becomes our duty on this appeal to decide whether the false statements of the defendant amounted to perjury under the act of Congress.

There were two counts in the indictment. The first charged that Jordan made an affidavit to the bill of complaint before one W. R. Jennette, a notary public of the county of Wake in the state of North Carolina, wherein he swore that the material allegations of the bill, containing the false statements referred to, were true within his personal knowledge. The second count charged that Jordan appeared as a witness before a special master appointed by the District Judge in the suit in equity to hold hearings in regard to the causes of action underlying the bill of complaint, and, being duly sworn, falsely testified that Margaret M. Ramsey had delivered the bonds to him before he brought the suit. When the criminal case was tried, the government produced abundant evidence to show the falsity of the testimony, and the jury found a verdict of guilty on each count. The defendant was sentenced to serve two years in the federal penitentiary; and it is admitted that the evidence was sufficient to support the verdict, and that the judgment should be sustained, if certain questions of law were correctly decided in the District Court.

It is first contended that the evidence was insufficient to establish the corpus delicti, as charged in the first count of the indictment. The bill of complaint, containing the false statements, was introduced in evidence with the jurat of the notary public annexed, showing that Jordan had been duly sworn by him, and had verified the allegations of the bill. In addition, it was proved that Jordan presented the bill of complaint and jurat to the District Judge, and requested the appointment of a receiver, and also that he testified before the special master that he had made the affidavit attached to the bill. The falsity of the statements was also proved. The objection is that no witness appeared in the criminal case to testify that Jordan actually took the oath before the notary, and it is contended, therefore, that the evidence does not satisfy the rule that in a criminal case the corpus delicti is not proved by an extrajudicial admission or confession of the defendant, but must be supported by independent evidence. The notary indeed testified in the criminal case that he executed the jurat at the request of his employer, who subsequently became one of the receivers, and that the certificate was false, in that Jordan did not appear and make the oath as certified. The notary, however, admitted on cross-examination that he had previously stated that his certificate was correct, and that he had so testified under oath during the investigation of the charges against Jordan by the grand jury.

■ The District Judge correctly instructed the jury that, if no oath was in fact administered by the notary, there could be no perjury, as charged in the first count of the indictment, and that, unless they were satisfied on this point, beyond a reasonable doubt, the verdict on this count should be not guilty. It is obvious that the jury was justified in rejecting the testimony of the notary, who not only admitted an abuse of his function as a certifying officer, but also the commission of the crime of perjury itself. His testimony before the grand jury, or his testimony at the trial of the indictment for perjury, one or the other, must necessarily have been false; and the circumstances might well serve as a basis for an investigation by the grand jury. But, without the testimony of the notary, there was still enough in the case to establish the commission of the crime. The jurat itself was put in evidence without objection, and it tended strongly to show that the oath had been duly administered to the defendant in person, as required by law. Such a certificate is commonly accepted in many situations as legal proof of the statements contained; and it was proper for the jury to accept it in this case in corroboration of Jordan's own admissions. The rule does not require that the independent evidence of corpus delicti shall be so full and complete as to establish unaided the commission of a crime. It is sufficient if the extrinsic circumstances, taken in connection with the defendant's admission, satisfy the jury of the defendant's guilt beyond a reasonable doubt. Bolland v. United States (C. C. A.) 238 F. 529, 536; Daeche v. United States (C. C. A.) 250 F. 566; Berryman v. United States (C. C. A.) 259 F. 208; Rosenfeld v. United States (C. C. A.) 202 F. 469; Mangum v. United States (C. C. A.) 289 F. 213.

6

■ It is next contended that the false statement of Jordan under oath before the special master, as charged in the second count, did not amount to perjury, because the government failed to show that the special master had qualified by taking an oath of office before entering upon the discharge of his duties. It is stated in Hughes on Federal Practice, § 10538, that it is the practice of masters in chancery, before entering upon their official duties, to take an oath to support the Federal Constitution and to discharge their duties faithfully and impartially. See, also, 21 Corpus Juris, 603. But, even if we assume that no oath was taken in this case by the special master, and that he was not an official de jure, there can be no doubt that he was a de facto representative of the court, authorized to conduct the investigation. The order of the District Judge appointing him a special master was introduced in evidence, whereby he was directed to make a thorough investigation into the affairs of the Home Mortgage Company, touching upon the solvency of the company and such other matters as he might deem necessary, or might be requested by counsel to investigate, and to make his report to the court with all convenient speed. The parties subsequently appeared before him in due course and proceeded to take testimony, inquiring, amongst other things, as to the plaintiff's ownership of the bonds upon which alone she based the right to bring the suit. This subject was clearly within the scope of the inquiry, and the administration of the oath to the witnesses was merely an incident to the performance by the special master of his duties. He was at least a special master de facto; and, although the decisions are not uniform, the great weight of authority upholds the rule that perjury may be predicated upon a false statement made under oath administered by a de facto officer. State v. Thornhill, 99 Kan. 808, 163 P. 145; Izer v. State, 77 Md. 110, 26 A. 282; Campbell v. People, 55 Colo. 302, 133 P. 1043; Woodson v. State, 24 Tex. App., 153, 6 S. W. 184; Greene v. People, 182 Ill. 278, 55 N. E. 341; People v. Cook, 8 N. Y. 67, 59 Am. Dec. 451; People v. McLeod, 30 Cal. App. 435, 158 P. 506; Morford v. Territory, 10 Okl. 741, 63 P. 958, 54 L. R. A. 513; see, also, Ball v. United States, 140 U. S. 118, 128, 129, 11 S. Ct. 761, 35 L. Ed. 377; McDowell v. United States, 159 U. S. 596, 16 S. Ct. 111, 40 L. Ed. 271; Ex parte Henry Ward, 173 U. S. 452, 19 S. Ct. 459, 43 L. Ed. 765; Fall v. United States, 60 App. D. C. 124, 49 F.(2d) 506.

■ The defendant seems also to contend that the sentence imposed upon him is void because it was amended after it was first pronounced by the District Judge. The verdict of guilty was rendered on January 13, 1932, whereupon, motions for a new trial and in arrest of judgment having been overruled, the defendant was sentenced to two years in the penitentiary; and he was delivered into the custody of the marshal with a commitment directing that he be delivered to the proper authorities in execution of the sentence. On the same day the defendant gave notice of an appeal, and was allowed an appropriate period to prepare his bill of exceptions. On the next day, the judgment of the court was amended so as to provide that the defendant should be imprisoned for two years on each count of the indictment, the sentences to run concurrently; and the defendant was released on bail pending the decision of this court. It is obvious that the defendant was in no way injured by the amendment of the sentence; and, since he had not entered upon the service thereof, it was within the power of the District Court to make the amendment, under the rule laid down in United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354. See, also, Dimmick v. Tompkins, 194 U. S. 540, 24 S. Ct. 780, 48 L. Ed. 1110; Cisson v. United States (C. C. A.) 37 F.(2d) 330. It is true that there was an omission in the sentence, in that it failed to include a fine, as provided in the statute upon which the indictment was based, 18 U. S. C. § 231 (18 USCA § 231), but this is an error of which the defendant does not and cannot complain. Nancy v. United States (C. C. A.) 16 F.(2d) 872; Bartholomew v. United States (C. C. A.) 177 F. 902; Flynn v. United States (C. C. A.) 50 F.(2d) 1021; Egan v. United States, 287 F. 958, 52 App. D. C. 384.

There were also certain exceptions to rulings of the court upon questions of evidence, but an examination of them fails to disclose any prejudicial error, and they are not of sufficient importance to warrant a discussion in this opinion.

The judgment of the District Court is affirmed.