## ROSENWINKEL v. HALL.
### No. 4799.

Circuit Court of Appeals, Seventh Circuit.
Nov. 17, 1932.

Fay W. Leas, of Fort Wayne, Ind., for appellant.

Oliver M. Loomis, George L. Rulison, and William B. Duff, all of South Bend, Ind., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

The only question presented by this appeal arises out of the following facts:

Appellant pleaded guilty April 22, 1929, to an indictment which charged him and others with a conspiracy to violate the National Prohibition Act. His codefendants stood trial and were convicted and sentenced at the same April 1929 term. On May 15, 1930, appellant was sentenced to two years in the penitentiary. After serving fourteen months he was paroled. Upon his violation of the terms of the parole, he was arrested and was about to be returned to the penitentiary when he instituted these habeas corpus proceedings to secure his freedom.

This appeal is from the judgment of the district court discharging the writ.

It is his contention that the court was without jurisdiction to impose the sentence entered on May 15, 1930, because there elapsed an entire term of court between the term at which he pleaded guilty and the term at which he was sentenced. The court record disclosed the following proceedings at the time of the entry of his plea of guilty:

"April 22, 1929, Defendant Ralph Rosenwinkel asks leave to withdraw plea of not guilty and enter plea of guilty. Granted and same is done."

Respecting the proceedings on May 15, 1930, the parties stipulated that:

"At the time the defendant, Rosenwinkel, was sentenced on May 15, 1930 the Judge * * * made no statement and made no entry upon the docket nor upon the record that the defendant, Rosenwinkel, was being held for investigation for matter of probation, nor for a deferment of sentence."

The decision in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355, denied to federal courts the right to indefinitely suspend sentence in criminal cases after conviction, or on plea of guilty. That decision however did not determine the question here presented for two reasons. (a) In the instant case, there was no indefinite suspension of appellant's sentence. The trial of appellant's codefendants had not begun, and we may well assume that the court postponed sentence in order to ascertain all the enlightening facts so that the most intelligent sentence might be pronounced. (b) Since the decision in the above-cited case, Congress has enacted legislation which enlarged the powers of federal trial courts in respect to sentences in criminal cases.

Section 724, title 18, USCA, reads:

"The courts of the United States having original jurisdiction of criminal actions * * * shall have power, after conviction or after a plea of guilty or nolo contendere * * * to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; * * *."

The decision in Ex parte De Angelo (C. C. A.) 50 F.(2d) 847, is squarely in point. Even the action taken by the accused there was similar to the action of appellant herein.

In the Ex parte United States decision, at page 46 of 242 U. S., 37 S. Ct. 72, 76, the court quoted from People v. Brown, 54 Mich. 15, 19 N. W. 571, as follows:

"Now it is no doubt competent for a criminal court, after conviction, to stay for a time its sentence; and many good reasons may be suggested for doing so; such as to give opportunity for a motion for a new trial. or in arrest, or to enable the judge to better satisfy his own mind what the punishment ought to be * * * but it was not a suspension of judgment of this sort that was requested or desired in this case; it was not a mere postponement; it was not delay for any purpose of better advising the judicial mind what ought to be done; but it was an entire and absolute remission of all penalty and the excusing of all guilt."

That the trial judge in the instant case stayed the sentence, not to give the accused an absolute remission of all penalty but to enable the court to better satisfy its own mind what the punishment should be, is the necessary and logical inference deducible from the record before us. This being the situation, it follows that the court was acting within its power, unless the fact that it

failed to pronounce the sentence within the term divested it of all power to do so later.

We are not unmindful of the cases [Ex Parte Singer, 284 F. 60 (C. C. A. 3); Mintie v. Biddle, 15 F.(2d) 931 (C. C. A. 8); United States v. Wilson, 46 F. 748 (C. C. Idaho); Archer v. Snook, 10 F.(2d) 567 (D. C. Ga.)] which hold that a court may not pronounce a sentence after the expiration of the term at which the trial occurred, but we are not impressed by their applicability in view of the statute which authorizes a court to grant probation after conviction and upon the pronouncement of sentence.

This statute enlarged the powers of a federal district court. It is remedial in its nature. It is an enactment, the object of which was to liberalize the practice in criminal cases, necessitated by the strict interpretation of the court's power in Ex parte United States, supra. Its object being humane and benevolent, the statute should be given a broad interpretation. The power to grant probation authorizes, and in fact obligates, the court to investigate all the circumstances which might affect its proper allowance. Congress must have known that the district court is an extremely busy court and that it cannot well suspend all its activities to immediately conduct an investigation to ascertain the propriety of placing one convicted of a criminal offense, upon probation. It may therefore be assumed that Congress intended to grant to the court, upon which it placed the duty of investigating the accused's record, his family life, and other facts bearing upon his likelihood of reformation, the necessary time within which to make such investigation. Such a construction constitutes no denial of accused's rights. In fact, it is favorable to the cause of the accused. If the accused desires an early sentence, he may so petition the court, and he will doubtless be accommodated. In passing upon a somewhat similar question—the failure to prosecute a criminal case promptly—this court in Worthington v. United States, 1 F.(2d) 154, said:

"If the defendant desired a speedy trial, it was his duty to ask for it, and we must assume that it would have been granted, had he made any effort to procure it. His long and uninterrupted acquiescence in the delay bars his right to complain."

Convinced as we are that the statute above quoted is one for the benefit of the accused, such benefit to be attained through an enlargement of the powers of the court imposing a sentence in a criminal case, we

follow Ex parte De Angelo, supra, and hold that the court that tried appellant had the power, at a subsequent term, to sentence him.

The judgment is
Affirmed.