**PINKUSSOHN v. UNITED STATES.**

No. 5911.

Circuit Court of Appeals, Seventh Circuit.

Jan. 26, 1937.

Rehearing Denied Feb. 18, 1937.

Appellant was tried and convicted under an indictment containing four counts. A jury trial was waived, and the Judge made the finding of guilt. The first count charged appellant with having feloniously made, forged, and counterfeited United States Internal Revenue strip stamps in violation of the Liquor Taxing Act of January 11, 1934 (48 Stat. 313). The second count charged him with possession of a large number of such forged and counterfeit United States Internal Revenue strip stamps. The third count charged him with unlawful possession, with intent to defraud the Government of the United States, of a certain plate in the likeness of a plate designated for making regular Internal Revenue strip stamps. The fourth count charged a participation in an unlawful conspiracy to commit the offenses de-

scribed in the first three counts. Appropriate overt acts were set forth in the conspiracy count.

The Congressional enactment which was violated is known as the Liquor Taxing Act of January 11, 1934.

The case was tried on November 16, 1935, and completed the same or next day. Appellant made a motion for a finding of not guilty at the close of the trial, and the court made its finding of guilt on May 4, 1936.

The Government's case consists largely of a confession made by appellant who did not take the stand either to dispute it, or to challenge its voluntary execution. There was additional evidence such as the stamps and the plate by which the stamps were printed. The story of how the plate and the stamps were obtained—the confrontation of the accused with such evidence, and the resulting confession by him —supply the evidence upon which the conviction rests.

The errors assigned are (a) insufficiency of evidence to support the conviction, (b) insufficiency of a confession to establish the guilt of the accused, (c) the insufficient similitude of the strip stamps to genuine strip stamps, and (d) the failure of the court to act upon the case at the close of the trial until after the lapse of several terms.

Lloyd C. Moody and Edward G. Schultz, both of Chicago, Ill., for appellant.

M. L. Igoe, U. S. Atty., and A. Bradley Eben, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge.

We are convinced that the evidence was ample to sustain the finding of guilt. The confession was not disputed and was strongly supported by corroborative and circumstantial evidence. The corpus delicti was established by evidence other than the confession. Jordan v. U.S. (C.C.

A.) 60 F.(2d) 4; Bolland v. U. S. (C.C. A.) 238 F. 529; Berryman v. U. S. (C.C. A.) 259 F. 208.

The facts did not permit of any inference of innocent intent. They point irresistibly to the presence of a criminal intent to violate the statute by making, possessing, and disposing of large numbers of counterfeit revenue stamps.

On the question of the similitude, appellant is confronted by evidence sufficient to support the finding against him. Armstrong v. U. S. (C.C.A.) 44 F.(2d) 905.

The last assigned error involves the action of the court in making his finding after the passing of the term at which the case was tried. While we have no hesitancy in sustaining the sentence [Rosenwinkel v. Hall (C.C.A.) 61 F.(2d) 724], we are somewhat at a loss to know why the case which was tried in November should not have been disposed of until May 4 of the next year. The entry of a motion by accused for a finding of not guilty on the ground that the evidence was insufficient to support a conviction caused some postponement of action by the court, but it is hardly an excuse for the long delay that elapsed before the simple case with few or no legal questions involved, was disposed of.

The judgment is affirmed.

### On Motion for Rehearing.

PER CURIAM.

Upon petition for rehearing, counsel has stressed the lack of evidence to support the conviction and asserts that there is a want of proof to show that the strip stamps in question were of sufficient similitude to genuine Government stamps as to deceive a person of ordinary intelligence.

A further examination of the record convinces us that there is no valid bill of exceptions before us. The Supreme Court Rule No. 9 (28 U.S.C.A. following section 723a) governs the settlement of the bill of exceptions. The court is without power to settle it in violation of this rule.

The petition for rehearing is denied.