No. 13,185.

## GRAY *v.* THE STATE.

CRIMINAL LAW.—*Plea of Guilty.*—*Sentence.*—*Duty of Court.*—After a plea of guilty to a criminal charge by one of legal age, it is the duty of the court to either sentence him at the time or to place him in the custody of the sheriff until sentence.

SAME. — *Prosecuting Attorney.* — *Suspending Prosecution.* — *Illegal Agreement with Defendant.*—The prosecuting attorney, after the entry of a plea of guilty, can not, with or without the consent of the court, lawfully agree with the defendant that he may depart from court without sentence, subject to rearrest and sentence if he shall commit another offence of a similar character.

From the Marion Criminal Court.

*J. C. Denny* and *J. M. Cropsey,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

Howk, C. J.—On the 11th day of February, 1886, the appellant and two other persons were jointly indicted, in the court below, for the unlawful sale to one Henry Holmes of " one share, chance and opportunity to draw in a certain lottery scheme and gift enterprise, for the division of personal property," etc. It is shown by the record that on the 2d day of March, 1886, the appellant Gray, and his co-defendants, appeared in person and by counsel in open court, and having been arraigned on such indictment, for plea thereto each of them said that he was guilty, as therein charged. The record shows no other or further action or proceeding in the cause until the 1st day of June, 1886, on which day it is shown that the prosecuting attorney and appellant Gray appeared in open court, and upon appellant's plea of guilty, theretofore entered in this case, it was adjudged by the court that he make his fine to the State in the sum of five hundred dollars, and pay the costs of this prosecution, and that he stand committed to the work-house until such fine and costs were paid or replevied.

Thereupon, appellant's motions for a new trial, and in arrest of judgment, having been severally overruled, he appealed from the judgment below to this court.

It is shown by a bill of exceptions appearing in the record, that on the 26th day of May, 1886, on motion of the prosecuting attorney, the court entered an order in this cause that a writ be issued for the arrest of appellant Gray, who was then apparently at large with the consent of the officers of the court. Such a writ was issued, and appellant was arrested and brought into court, on the 1st day of June, 1886. He then moved the court for his discharge, " because no specific charge or charges in writing, or breach of any order or rule of court, or any offence, had been filed against him, in writing or otherwise," which motion was overruled by the court, and he at the time excepted. He then " moved the court to compel the prosecuting attorney to file specific charges against him herein," which motion was overruled, and he excepted. An agreement was then entered into, in open court, between the parties to this prosecution, substantially as follows:

On the — day of ———, 1886, an agreement was entered into by this court, Honorable Pierce Norton, judge, presiding, Honorable William N. Harding, prosecuting attorney of such court, and James A. Gray, this defendant, which agreement was then and there, in substance, as follows:

" Before entering upon the trial and investigation of this cause, it was in open court agreed that at the January term, 1886, of this court, on March 2d, 1886, —— indictments were returned by the grand jury of Marion county into the court against James W. Gray and others, and that, in each indictment, he was charged with illegally selling a share in a lottery scheme and gift enterprise. Indictment No. 18,905 is the indictment in this case, and the indictments numbered 18,905, 18,906 and 18,907, each, charge a sale of a ticket to the same person, on the same day, and for the same price; that it was then and there agreed that if this defendant would plead guilty to —— said indictments, the fines assessed should

be three thousand dollars (which fines and costs were paid);
that on the 2d day of March, 1886, a plea of guilty was en-
tered in causes numbered 18,905, 18,906 and 18,907, and the
defendant Gray was permitted to depart from the court, with-
out judgment being passed on said plea of guilty; and the
causes so stood on the docket until the 1st day of June, 1886,
when the defendant was brought into court and sentenced;
that said indictments 18,905, 18,906 and 18,907 should not
be prosecuted unless said Gray should resume said lottery
business, or engage in said business by himself, or through
agents employed by him.   It was also agreed that said Gray
might use and occupy the rooms, used by him in said lottery
business, being rooms 26 and 27 in the Sentinel Building, to-
gether with the furniture and fixtures therein, provided the
same were not used for lottery purposes; and that, upon these
agreements and none other, the said pleas of guilty are en-
tered in said several indictments."

This agreement was signed by " William N. Harding, Pros.
Att'y," and by " Denny and Cropsey, Att'ys for defendant."

Oral evidence was then introduced, apparently by the State,
for the purpose of showing that since March 2d, 1886, ap-
pellant had unlawfully engaged in the lottery business; and
then appellant testified positively, in his own behalf, that since
the day last named he had not, in any manner, engaged in the
lottery business.

Upon the record of this cause thus made up, appellant has
assigned a number of errors.   Without special reference to
these errors, it seems to us that the important and controlling
questions in this case presented for our decision are depend-
ent upon the validity or invalidity of the agreement above
quoted, between the appellant and the prosecuting attorney,
with the sanction and approval of the court.   If this agree-
ment was valid and binding on the State, the judgment against
appellant ought not to be allowed to stand; because the evi-
dence wholly failed to show that he had, in any manner, vio-
lated the stipulations of such agreement to be by him kept

and observed. But if, as the attorney general claims, " such agreement was illegal and void," because " it was an effort to compound, discontinue or delay a prosecution, which is forbidden by the statute, and made a crime (section 2013, R. S. 1881)," then it would seem to us that the record failed to show any such error in the proceedings of the court as would authorize or justify the reversal of the judgment.

We are of opinion, however, that the agreement quoted was not only unauthorized by law, but that it was in direct contravention of the express provisions of an imperative section of the statute. Thus, in section 1767, R. S. 1881, it is expressly provided that " If the accused plead guilty, such plea shall be entered on the minutes, and he shall be sentenced, or he may be placed in the custody of the sheriff until sentence." It is true that in the same section the court is authorized in its discretion, if the accused is under the age of twenty-one years, to order that he be released during good behavior; but it was not shown, nor is it claimed in the case in hand, that appellant Gray was under the age of twenty-one years. After appellant entered his plea of guilty to the indictment in this case, the court could not lawfully do anything further therein except either to sentence him at the time, or to place him in the custody of the sheriff until such sentence. Nor could the prosecuting attorney, after the entry of such plea by appellant, with or without the consent of the court, lawfully agree with him that he might depart from court without sentence, subject to arrest herein if, in the future, he should commit another offence of a similar character, or during good behavior. *Smith* v. *Hess,* 91 Ind. 424.

There were some irregularities in the proceedings of the court in the cause under consideration, but the record discloses no error which would justify the reversing of the judgment.

The judgment is affirmed, with costs.

Filed June 23, 1886.