### COMMONWEALTH *vs.* JOHN MALONEY.

Worcester. October 3. — 21, 1887. C. ALLEN & KNOWLTON, JJ., absent.

A person arrested on a complaint for keeping and maintaining a tenement used for the illegal sale of intoxicating liquors was brought before the trial justice who issued the warrant, and pleaded guilty; and the case was continued for sentence to a day certain. On that day, the trial justice ordered the case to be continued *nisi* upon payment of costs by the defendant, to be again called up for sentence upon notice to the defendant. Subsequently, the case was called up on notice to the defendant, and he was sentenced, and took an appeal to the Superior Court. *Held*, that the continuance *nisi* was, under the Pub. Sts. *c.* 212, § 26, made without authority; that the subsequent sentence imposed was of no validity; and that these defences were open to the defendant in the Superior Court, on an appeal by him.

COMPLAINT to a trial justice, for keeping and maintaining a certain common nuisance, to wit, a tenement in Leominster, used for the illegal sale and illegal keeping for sale of intoxicating liquors, on April 13, 1886, and on divers other days and times between that day and June 8, 1886.

The record showed that the defendant was arrested and brought before the trial justice on June 19, 1886, and pleaded not guilty; that the case was continued to June 26, 1886, at which time the defendant retracted his plea of not guilty, and pleaded guilty; that the case was "continued for sentence" to August 7, 1886, "at which time the cause was continued *nisi* upon payment of costs by the defendant, to be again called up for sentence upon notice to the defendant;" that on October 6, 1886, upon notice to the defendant, the case was called up for sentence, and continued to October 16, 1886, when the defendant was sentenced; from which sentence he appealed to the Superior Court.

In the Superior Court, upon motion for sentence, the defendant moved to dismiss the complaint for the following reasons: "1. Because the court has no jurisdiction, in that the record of the case discloses the fact that it was disposed of contrary to the St. of 1885, c. 359. 2. Because the trial justice, before whom the case was disposed of, had no power to continue *nisi*. 3. Because the trial justice had already accepted the costs in the case, as appears from the record. 4. Because, in accepting the costs as aforesaid, the trial justice has already imposed a sentence, which has been fully satisfied. 5. Because judgment cannot twice be entered on one and the same complaint. 6. Because the trial justice has no power to continue a criminal case for more than ten days."

*Staples*, J., overruled the motion; ruled that no legal obstacle existed to the award of sentence in the case; and reported the case for the determination of this court. If the motion to dismiss was rightly overruled, the case was to stand for judgment; otherwise, to be dismissed.

*J. W. Corcoran*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

W. ALLEN, J. The defendant cannot, on appeal, take advantage of irregularities in the proceedings before the trial justice, unless they were such as to show that the magistrate had not

jurisdiction to impose a sentence. If the trial justice had jurisdiction of the person of the defendant to sentence him upon the complaint, the appellate court had the same jurisdiction upon the appeal. *Commonwealth* v. *Holmes*, 119 Mass. 195, and cases cited. *Commonwealth* v. *Dunbar*, 15 Gray, 209. *Commonwealth* v. *Dillane*, 11 Gray, 67.

The record sufficiently shows that the defendant voluntarily appeared before the magistrate, and submitted to his sentence by appealing from it. Mere consent would not give jurisdiction over the person of the defendant. To make the voluntary appearance and submission show more than mere consent, it is at least necessary that the magistrate should have had power to compel the presence of the defendant. If the defendant could not have been arrested and held for sentence by any legal warrant or authority, the magistrate had no jurisdiction of his person, and could acquire none by consent.

If a magistrate has authority to order a party into custody, or to issue process to arrest him, the party can waive defects in process or service, perhaps can submit to the authority without process; but where there is no authority to arrest and hold a person, or to issue process for his arrest, he cannot by consent create such authority and give jurisdiction to hold and sentence him. The question in the case is, whether the magistrate could lawfully have had the defendant arrested and brought before him for sentence, either under the original warrant or on a capias. If he could not, and could not acquire jurisdiction of the person of the defendant by process, he could not by consent.

The record is very imperfect, but it shows that the defendant was arrested on the warrant and brought before the trial justice on June 19, and pleaded not guilty; that the case was continued to June 26, when the defendant retracted his plea and pleaded guilty, and the case was continued to August 7, when the defendant was discharged. The record does not state whether, before his discharge, he was under recognizance, or was held in custody, and it is immaterial whether he was committed to jail, or to the custody of his sureties; he was all the time held under the original warrant, or the warrant of commitment, until his discharge on August 7. *Commonwealth* v. *Morihan*, 4 Allen, 585. And that discharge, whether he had been committed or

held under recognizance, extinguished the authority to hold him under any then existing process. This must necessarily have been the effect, unless his going at large was an escape on account of which he could have been retaken. But a going at large under order of court cannot be an escape, even though the order be irregular and unauthorized. The order amounted to a discharge of the defendant without a judgment, and to nothing more. The record is in the words: "The cause was continued *nisi* upon payment of costs by the defendant, to be again called up for sentence upon notice to the defendant." This was not in terms a final judgment, nor an absolute final disposition of the case; but the question is whether the defendant remained a party to it, and, if not, whether he could subsequently be made a party. The case was not " continued " within any meaning of that word known to the law. A continuance is an adjournment to a time certain; a continuance *nisi* is to a time certain unless something shall occur to cause action upon the case before that time. The record is, that the case is continued until it shall be called up on notice. This purports to be an indefinite adjourn-ment of the court, and a contingent final disposition of the case. The Pub. Sts. *c.* 155, § 71, provide that trial justices may adjourn their courts in all cases, civil or criminal, on trial before them, to any time or place as occasion may require, except as provided in *c.* 212, § 26, which relates to continuances in criminal cases. This requires an adjournment to a time certain.

At common law, justices of the peace could detain in custody, for a reasonable time, prisoners brought before them for trial or examination. If they exceeded that, the custody was illegal, and they were liable in trespass. *Davis* v. *Capper*, 10 B. & C. 28. *Cave* v. *Mountain*, 1 Man. & Gr. 257. D. Davis's Justice, (2d ed.) 56–58. It may be that, prior to the St. of 1821, *c.* 98, there was authority in justices to admit prisoners before them to bail, pending an examination or trial, (see *Potter* v. *Kingsbury*, 4 Day, 98,) though the contrary seems to be laid down in D. Davis's Justice, *ubi supra*. That statute provided that justices of the peace might take the recognizance, with sureties, of any person brought before them for any crime, misdemeanor, or other offence, for his appearance for further examination at a future time, not exceeding ten days.

The St. of 1783, *c.* 42, was "an act describing the power of justices of the peace in civil actions," and provided in § 2 that "every justice of the peace shall have power by public proclamation to adjourn the trial of any action brought before him, from time to time, when equity may require it." The Rev. Sts. *c.* 85, § 32, authorized a continuance by a justice of the peace of all cases, civil or criminal, on trial before him, to any other time or place, as occasion might require; and *c.* 135, § 9, the chapter relating to the arrest and examination of offenders, reënacted, with changes, the St. of 1821, *c.* 98. It authorized a magistrate to adjourn an examination or trial pending before him, from time to time, not exceeding ten days at one time, without the consent of the defendant or person charged. The words "without the consent of the defendant or person charged" were not in the St. of 1821, nor in the draft of the Revised Statutes reported by the Commissioners. These provisions of the Revised Statutes were reënacted in the Gen. Sts. *c.* 120, § 52, and *c.* 170, § 17; and in the Pub. Sts. *c.* 155, § 71, and *c.* 212, § 26, except that the Pub. Sts. *c.* 155, § 71, first expressed the exception from it of the provisions of *c.* 212, § 26.

It is clear that the trial justice had no power to continue the case indefinitely, and to hold the defendant to appear at a time to be afterwards named. A commitment or recognizance under such an order would be simply void, and a discharge of a defendant under it would be absolute. The record does not expressly state that the defendant was discharged; but that appears, as do other essential things in the record, by implication, because it shows that he could not lawfully be longer held in custody. The record also shows that there was no final judgment, and no termination of the case, unless the discharge of the defendant of itself terminated the case. During the progress of the trial, the case was indefinitely postponed, and the defendant discharged. Pronouncing sentence is a judicial act, and part of the trial. The indefinite postponement would relieve the defendant from lawful custody, and from any obligation to appear and answer further, and from any liability to be arrested and held to answer further. If the order of the magistrate discharged him, without leaving him under any obligation to appear, the magistrate would have no authority to issue a capias to compel

his appearance: it would work a discontinuance of the case as to him.

In *Doggett* v. *Cook*, 11 Cush. 262, there was a final judgment and sentence, which the defendant continued under obligation to perform. He appealed from the sentence of fine and costs, and the appeal was dismissed in the appellate court as improperly taken, and the case remanded for enforcement of the sentence. The question was as to the mode of enforcing the sentence. The magistrate was held liable for causing the commitment of the defendant, a year after his sentence, on the common mittimus, without first having him brought up on a capias or other process, and giving him an opportunity to pay the fine and costs.

But there is another fact disclosed in this record, which also appeared in *Doggett* v. *Cook*, *ubi supra*. The indefinite postponement was with the consent of the defendant. The payment of costs is not material otherwise than as showing this. The magistrate had no authority to impose it, except as part of a final sentence; and the defendant was under no obligation to pay it. The payment was, by the magistrate, made the consideration of the postponement, and was paid by the defendant to secure the postponement. The postponement was not, and was not intended to be, a continuance, but an end of the prosecution, unless the magistrate should see cause at some future time to notify the defendant that sentence was to be pronounced. It was obviously an arrangement between the trial justice and the defendant, like that sometimes made in the higher courts between the prosecuting officer and a defendant, with the approval of the court, by which, on payment of costs by the defendant, an indictment or complaint is "placed on file." See *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133. The court say, "Such an order is not equivalent to a final judgment, or to a *nolle prosequi* or discontinuance, by which the case is put out of court; but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the dockets, and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein." 115 Mass. 136.

When a case is pending in a permanent court of general jurisdiction, with stated terms, in which continuances are from term to term, a defendant may waive the formal entries of continuance, and consent that the case may remain in court without such entries until asked for by either party. The court then retains its jurisdiction of the case and of the defendant, and has authority at any time to make the entries of continuance from term to term, and bring the case forward upon the docket of the term. A trial justice is not a permanent court, with stated terms. His court is a court of record, but it is a temporary court for each case, kept alive by continuances, and exercising limited jurisdiction by prescribed methods. The indefinite postponement of a case before it, is in effect the indefinite postponement of the court. He has no jurisdiction to suspend and revive at his will a case and court before him, and the question whether the consent of the defendant can give him such jurisdiction is very different from the question whether a defendant can consent to an indefinite continuance in the Superior Court. The authority to postpone a sentence by a continuance, not exceeding ten days, without the defendant's consent, and for a longer time with it, may perhaps be inferred from the power given to trial justices, and from the particular provisions in the statute as to continuances ; but there is nothing in the statute which gives to a trial justice authority to settle a criminal case before him by receiving the costs from the defendant, and discharging him without judgment and without a continuance, on his agreement to present himself for sentence at any future time on notice. Apart from the abuse to which such a power would be liable, the functions and course of proceeding of justices of the peace in regard to offenders prescribed by statute show that it was never intended that they should have the general power of putting a prisoner convicted before them on probation by indefinitely holding the conviction over him, as is done in higher courts by putting an indictment on file. When such power is given by statute, it is carefully guarded. See Pub. Sts. *c.* 212, §§ 74–81 ; St. 1885, *c.* 359. We are of opinion that the defendant was not amenable to sentence by the trial justice, and the entry must be,                    *Proceedings quashed.*