## MINER v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. August 27, 1917.)

No. 2236.

1. CRIMINAL LAW ☜979(2)—SENTENCE—IMPOSITION AFTER TRIAL TERM—JURISDICTION.

Jurisdiction to impose sentence at a term after the trial term is retained, where the court's purpose in postponing sentence is not to pardon or parole, but is incident to the administration of justice within its powers, and its orders of postponement are unconditional and for definite periods.

2. CRIMINAL LAW ☜1144(17)—APPEAL—PRESUMPTION—REASONS FOR POSTPONING SENTENCE.

Regarding jurisdiction to impose sentence after the trial term, notwithstanding postponements from term to term, indicated to be unconditional, applied for by defendant and opposed by the government, it must be presumed that they were for a lawful purpose; the reasons not appearing of record.

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

John Read Miner was sentenced on plea of guilty, and brings error. Affirmed.

George C. Bradshaw and Thomson & Bradshaw, all of Pittsburgh, Pa., for plaintiff in error.

E. Lowry Humes, Asst. U. S. Atty., of Pittsburgh, Pa., and Neil W. McGill, Asst. U. S. Atty., of Cleveland, Ohio.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. John Read Miner was indicted for violating section 5209, Revised Statutes (Comp. St. 1916, § 9772). On March 11, 1915, he entered a plea of guilty. Sentence was deferred to May 1, 1915. Thereafter sentence was postponed on the application of the defendant from term to term for three terms, recognizance being required and given at each term for his appearance at the next. On January 15, 1917, he was called for sentence. In response, he filed a motion in arrest of judgment. Upon its denial, sentence was imposed. He now brings this writ and raises the question: Whether the court, by failing to impose sentence at the trial term, lost jurisdiction to impose sentence at a later term.

In support of his contention that the postponement of sentence beyond the trial term, though on his motion, deprived the court of jurisdiction to impose sentence upon him at any other term, the defendant cites for authority Ex parte United States (Killetts), 242 U. S. 27, 37 Sup. Ct. 72, 61 L. Ed. 129, Ann. Cas. 1917B, 355, and numerous state decisions, holding that a court is without power to suspend a sentence once imposed, and similarly is without power to suspend the imposition of sentence, conditioned, in either instance, upon the good behavior of the prisoner or upon the future attitude of the court toward him.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

These decisions are based upon the principle that the penalty for a crime is a matter within the legislative department of the government, the imposition of the penalty by sentence is the function of the judicial department, to be performed as prescribed, and relief therefrom by pardon is exclusively within the executive department. This principle, of course, is not open to dispute. The questions are, when is the principle invaded, and what is the effect of its invasion upon the further jurisdiction of the court over an offender?

It is now very generally held that the principle is invaded when a court, by an act done either before sentence or after, attempts to pardon a convict, or to parole him when it is not vested with power of parole, or to parole him in a manner different from that provided by law. That such an act is beyond the jurisdiction of a federal court and therefore invalid, has lately been decided by the Supreme Court in the Killetts Case. There the prisoner had been convicted and sentence had been imposed. The court then ordered, "that the execution of the sentence be, and it is hereby, suspended during the good behavior of the defendant, and for the purpose of this case the term of this court is kept open for five years." The Supreme court held the order invalid and directed that it be vacated.

While it is no longer questioned that an order of suspension either of sentence or of the imposition of sentence in the exercise of a power of pardon or parole not possessed by a court is invalid, the courts are divided upon the question of the legal effect of such an invalid order upon the continued jurisdiction of a court to impose or enforce a sentence after the term, some holding that jurisdiction is lost by the illegal act, others that it is retained.

In State of Kansas v. Sapp, 87 Kan. 740, 125 Pac. 78, 42 L. R. A. (N. S.) 249, the court recognized the general rule that where a verdict or plea of guilty is final, a court has no discretion, as a disciplinary measure, to suspend the imposition of sentence, and held, that the legal effect of the exercise of such discretion by suspending the imposition of a sentence, indefinitely or conditionally, is to deprive the court of jurisdiction to impose sentence at a later term. Other courts have held the same view with reference to sentences imposed and conditionally suspended. United States v. Wilson (C. C.) 46 Fed. 748; Ex parte Clendenning, 22 Okl. 108, 97 Pac. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628; Ex parte Peterson, 19 Idaho, 433, 113 Pac. 729, 35 L. R. A. (N. S.) 1067; In re Strickler, 51 Kan. 700, 33 Pac. 620; Gray v. State, 107 Ind. 177, 8 N. E. 16; Com. v. Maloney, 145 Mass. 205, 13 N. E. 482; Weaver v. People, 33 Mich. 296; Grundel v. People, 33 Colo. 191, 79 Pac. 1022, 108 Am. St. Rep. 75; Re Flint, 25 Utah, 338, 71 Pac. 531, 95 Am. St. Rep. 853; People v. Allen, 155 Ill. 61, 39 N. E. 568, 41 L. R. A. 472; People v. Barrett, 202 Ill. 287, 67 N. E. 23, 63 L. R. A. 82, 95 Am. St. Rep. 230; State v. Hockett, 129 Mo. App. 639, 108 S. W. 599; In re Beck, 63 Kan. 57, 64 Pac. 971.

Opposed to this line of cases is another, in which the invalidity of an order conditionally postponing or suspending sentence is similarly recognized, but an opposite view of its effect upon the court's juris-

diction is entertained. In these cases it is held, in effect, that the order, being illegal, is so, not because it is irregular or technically defective, but because it is beyond the power of the court, and being for that reason void, the conviction or sentence stands, unaffected by the order, and is enforceable by the court at any time after the term, and until the convict has suffered the penalties the law imposes. Morgan v. Adams, 226 Fed. 719, 141 C. C. A. 475; State v. Abbott, 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189; State v. Drew, 75 N. H. 402, 74 Atl. 875; Sylvester v. State, 65 N. H. 193, 20 Atl. 954; State v. Hatley, 110 N. C. 522, 14 S. E. 751; State v. Whitt, 117 N. C. 804, 23 S. E. 452; Tanner v. Wiggins, 54 Fla. 203, 45 South. 459, 14 Ann. Cas. 718; Fuller v. State, 100 Miss. 811, 57 South. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98.

[1] From this brief survey of the cases it is pertinent to note, that the question before us as to the jurisdictional effect of the court's orders postponing sentence from term to term is controlled by the validity or invalidity of the orders, and the validity of the orders is determined by their character and purpose. If, in this case the purpose of the District Court in postponing sentence was to pardon or parole the defendant, then we have to decide whether the court had jurisdiction to impose sentence at a later term. If, on the other hand, the court's purpose was incident to the administration of justice within its conceded powers, and its orders postponing sentence were unconditional and to definite periods, then we have no jurisdictional question before us, for all courts agree that in such a case jurisdiction to impose sentence at a term after the trial term is retained.

[2] What then does the record show as to the validity of the orders? The record shows that sentence was regularly postponed from term to term, recognizances given and appearance made. The postponements, therefore, were entirely definite. They were made in each instance upon application of the defendant and against objection by the government. Hence we must assume that some reasons for the postponements were offered and controverted by the parties, and in that sense were litigated before and decided by the court. The reasons for the postponements do not appear of record. We cannot assume that they were not substantial.

There is nothing to show that the postponements were conditional. On the contrary, the proceedings clearly indicate that they were unconditional. If the court was moved by impulse to postpone sentence, it does not so appear. We should not assume that it was actuated by improper or unlawful considerations. Nor does the court's purpose appear. But every legal intendment favors the notion that it had a purpose and that the purpose was lawful. In fact, we must assume, in the absence of anything in the record to the contrary, that the postponements were made for a lawful purpose in the orderly progress of the case. This being true, the validity of the orders postponing sentence is established, leaving for decision no question of the court's jurisdiction to impose sentence at a later term.

The judgment below is affirmed.