## MUSICK v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 8, 1924.)

No. 3168.

**1. Criminal law ⬤═982—Pardon ⬤═4—Court may postpone imposition of sentence for any lawful purpose, but cannot exercise such right as pardon or parole.**

Court may temporarily postpone imposition of sentence from time to time, and even from term to term, to hear and determine motions and matters arising between verdict and judgment, to gain information leading to just sentence, and for any legitimate purpose, but it cannot by postponement of sentence exercise power of pardon or of parole conditioned on good behavior.

**2. Habeas corpus ⬤═85(1)—Postponement of sentence presumed for lawful purpose.**

Where record did not show that postponement of sentence until second term following conviction was conditional and indefinite, it must be presumed that it was for lawful purpose incidental to administration of justice.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Habeas corpus proceeding by George Musick, opposed by the United States. From an order denying his petition, petitioner appeals. Affirmed.

J. Julius Levy, of Scranton, Pa., for appellant.

Herman F. Reich, of Sunbury, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. At the March Term, 1923, of the District Court of the United States for the Middle District of Pennsylvania, sitting at Scranton, Pennsylvania, Musick was convicted on all counts of an indictment charging violations of the National Prohibition Act. 41 Stat. 305 (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The court postponed sentence until the March Term, 1924, the second term at Scranton following the term of conviction, and ordered the prisoner to enter into a recognizance for his appearance at that time. Pursuant to his undertaking he appeared at the later term and submitted to sentence. Conceiving that he had been deprived of his liberty by a sentence imposed without authority of law, the defendant filed a petition for a writ of habeas corpus, which the court denied. The defendant now brings this appeal, raising the question, as he states it: Has a federal court the power to defer sentence conditioned on good behavior and, one year beyond the term of conviction, pronounce sentence?

The record contains only the written papers and orders in the case. The reason for the court's action does not appear. The petitioner takes the ground that the court postponed the sentence conditioned on his good behavior, and that its action was in effect a parole and therefore unlawful, and that, in consequence, the court had lost jurisdiction of the case. The Government, on the other hand, asserts that the postponement (like the accompanying recognizance) was unconditional and was made for the purpose, as stated by the learned trial judge, to enable him to investigate the character and conduct of the prisoner with a view to a proper sentence.

[1] The law of the subject is, in several aspects, settled. In Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355 (on which the petitioner mainly relies) the Supreme Court held that the suspension of a sentence after it has been imposed is beyond the power of the court. It is also generally held that a court may temporarily suspend the imposition of sentence in a criminal cause and continue to do so from time to time, and, indeed, from term to term, for the purpose of hearing and determining motions and matters which arise between verdict and judgment; also to gain information that will lead to a just sentence, and, in fact, "for any legitimate purpose," or "good and valid reason." But a court cannot by the artifice of postponing pronouncement of sentence exercise a power of parole conditioned on good behavior, or a power of pardon, not conferred upon it. United States v. Wilson (C. C.) 46 F. 748, 749; Ex parte United States, 242 U. S. 27, 46, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355; Kansas v. Sapp, 87 Kan. 740, 125 P. 78, 42 L. R. A. (N. S.) 249; State v. Crook, 115 N. C. 760, 20 S. E. 513, 29 L. R. A. 260, 261; Miner v. United States, 244 F. 422, 157 C. C. A. 48, 3 A. L. R. 995 and cases cited.

[2] Applying these observations to the record, we find nothing which warrants the petitioner's statement that the postponement of his sentence was conditioned on his good behavior. So far as the record shows, the postponement was unconditional and specifically definite. This being the fact we think the case is ruled by the law of Miner v. United States, 244 F. 422, 157 C. C. A. 48, 3 A. L. R. 995, where also postponements were regular and definite though the reason for them was not given. We cannot say that the reason which moved the court to defer sentence in this case was improper or un-

lawful, or that it was otherwise than incidental to the administration of justice. Indeed, every legal intendment favors the notion that the court had a purpose in what it did and that the purpose was lawful. And this, in the absence of anything in the record to the contrary, we shall assume. Finding that the court had not lost jurisdiction of the case when it imposed sentence, the order dismissing the petition for a writ of habeas corpus is sustained.