## MINTIE v. BIDDLE, Warden.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1926.)

No. 7588.

**1. Criminal law ⬤⟳977(3)—If jurisdiction was lost by indefinite postponement of sentence without order of continuance, defendant's consent was immaterial.**

If court's jurisdiction to impose sentence is lost because of indefinite postponement, without any order of continuance for some four terms, no question of prisoner's consent thereto is immaterial.

**2. Habeas corpus ⬤⟳4—Habeas corpus is proper remedy, if trial court lost jurisdiction by indefinite postponement of sentence, though no resort made to writ of error.**

Where trial court lost jurisdiction by indefinite postponement of sentence, resort to writ of habeas corpus to effect release is proper remedy, even though matter was not tested by suing out writ of error.

**3. Criminal law ⬤⟳977(3)—Sentence may be deferred to some day in current term or definite day in next or second succeeding term.**

After plea of guilty or after conviction of one guilty of crime, sentence may be deferred to some day in current term or even to some definite day in next or second succeeding term.

**4. Criminal law ⬤⟳977(3)—Court lost jurisdiction to impose sentence after indefinite postponement thereof and continuance of case with no further order until after five terms of court.**

Where sentence after plea of guilty was indefinitely postponed, in order that defendant might be used as witness in case against codefendant, and, after continuance of case until next term, no further order was made until after five terms of court, jurisdiction of court to impose sentence was lost.

**5. Criminal law ⬤⟳982—Law authorizing district courts to parole or defer imposition of sentence held inapplicable, in case where sentence was indefinitely postponed before its enactment (Comp. St. §§ 10564⅘–10564⅘c).**

Act March 4, 1925 (Comp. St. §§ 10564⅘–10564⅘c), conferring on district courts the affirmative power, either to parole or defer imposition of sentence, held inapplicable, in case where sentence was indefinitely postponed more than two years before its enactment.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Application for habeas corpus by Fred C. Mintie against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. Judgment denying the writ, and petitioner appeals. Reversed and remanded, with directions.

G. A. Minnich, of Carroll, Iowa, for appellant.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before LEWIS, Circuit Judge, and MUNGER and FARIS, District Judges.

FARIS, District Judge. Appellant, confined in the United States Penitentiary at Leavenworth, serving a sentence of a year and a day, and until he shall pay a fine of $500, or be otherwise discharged, sought discharge below through a writ of habeas corpus; being cast, he appealed in the conventional way.

The facts upon which he was sentenced are in brief these: He was jointly indicted with one Levy and another for violating section 215 of the Penal Code (Comp. St. § 10385). He was at large on bail, but his codefendants were not, and on February 14, 1923, he appeared before the District Court for the District of Indiana and pleaded guilty. It was announced in his presence that it was not desired to sentence him till his codefendant Levy, then seemingly a fugitive from justice, could be brought to trial, as it was desired by the government to use petitioner as a witness against petitioner's codefendant Levy. He was thereupon told by the judge to keep the district attorney informed of his whereabouts and to appear for further proceedings when notified. None of this, however, appears on the court record. It was shown by extrinsic, oral evidence. All that the record shows is that, after petitioner pleaded guilty, his case was continued till the next term, without any sentence being imposed, or any other order entered. Thereafter no further order was made in the case for some thirty-four months and in the meantime five terms of court came and went.

On the 30th day of November, 1925, a subpœna was issued and directed to petitioner, who then resided in Houston, Tex., commanding him to appear as a witness for the government in the pending case against his codefendant, Levy. While this subpœna was not served on him, petitioner learned of its issuance, and appeared at Indianapolis, where the case against him and Levy was pending, for the purpose of testifying for the government and against Levy in that case. No trial was had, because Levy, on December 14, 1925, pleaded guilty. Thereupon, petitioner was put in jail and held there till December 16, 1925, when he was sentenced to serve the term from which, by the writ of habeas corpus herein, he now seeks to be discharged.

The learned trial court took the view that the delay, which occurred between plea and sentence, must be deemed, from the facts above stated, to have occurred with the consent of the petitioner, and that he may not complain. Thereupon, petitioner was remanded to the custody of respondent, who is the Warden of the United States Penitentiary at Leavenworth, Kan.

[1] This is well enough, if the matter is not one of jurisdiction. If it is jurisdictional, and if jurisdiction shall be lost when *sentence is omitted and postponed indefinitely, without any order of continuance for some four terms,* then no question of consent can be of aid in the case, even if, arguendo, it be conceded that what took place was tantamount to petitioner's consent to the initial deferment of sentence.

[2] Moreover, if the matter is one of jurisdiction—that is, if the trial court lost jurisdiction by the indefinite postponement of sentence—then resort by petitioner to the writ of habeas corpus to effect his release from his incarceration is a proper remedy, even though he omitted to test the matter by suing out a writ of error. Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717.

[3] We have no doubt that, after a plea of guilty or after conviction of one guilty of a crime, sentence may be deferred at convenience till some day, or any day in the current term. This is so, because the court ordinarily retains jurisdiction over its judgments for the current term in all cases. Nor have we any doubt that sentence may, in furtherance of the administration of justice, be deferred to some day in the next term or even to some definite time in the second succeeding term (Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355), by an order made in the case (Miner v. United States, 244 F. 422, 157 C. C. A. 48, 3 A. L. R. 995; Ex parte Singer [C. C. A.] 284 F. 60). But, in the instant case, sentence was not deferred to a day certain, or to a term certain; it was in effect deferred indefinitely. For the court omitted to make an order deferring sentence. He merely said, in substance, to petitioner, that the latter should keep the district attorney advised of his whereabouts and appear for further proceedings when notified. It is true, that the case, wherein petitioner and his codefendants stood indicted, was then continued till the next term. No serious question we think, could have been raised had sentence been pronounced at the term to which the case of defendant had thus been continued. But this was not done; no orders in the case

were entered at the latter term. But, after the term to which continuance was thus had, some four terms elapsed before any other order was made of record in the case. The language of the court connotes clearly an indefinite postponement of the imposition of sentence on petitioner. It may well be, other things being equal, that, if the case had, at the next time, been further postponed by an order of continuance, and so on, from term to term, such order, or orders of continuance would have afforded such definiteness of deferment of sentence, as to have taken from the case the illegality created and existing, by reason of the language of the court, and the lack of the existence of record of an order definitely deferring sentence. But no such situation is presented by the record, and no occasion arises to speculate about an hypothetical situation.

[4] So the question presented by the case is whether the trial court, by postponing the sentence of petitioner indefinitely, lost jurisdiction to lawfully impose a sentence on him at all.

We think it did, and we think the great weight of the ruled cases, as well as of the analogous authorities and the reason of the thing, lead to the same conclusion. Some latitude of action of the court, referable to the furtherance of the administration of justice, of course exists. Deferring of a sentence to a day, or term certain by affirmative orders in furtherance of justice, or for the purpose of observing the behavior of a defendant, so that less punishment, if he behave, shall be inflicted than if he does not behave, is legally permissible. For the former may be and the latter is for the benefit of defendant, and to such action, within reasonable limits, he could not be heard to complain, for, if he did not get that, he would likely have to accept worse. Here, however, the government, for its own ends and convenience deferred sentence till such time as the district attorney might see fit to notify defendant to appear. Thirty-four months passed, and then defendant was notified to appear as a witness, and not as a defendant. Obviously, the matter of the furtherance of the administration of justice is not a unilateral one. The accused is due some modicum of consideration. It is not alone the ends and accommodation of the government which are to be considered and subserved; but those of the defendant as well. Held thus in suspension indefinitely and for a period which turned out to be thirty-four months, defendant could, in the interim, make no plans, enter into no contracts, engage in no permanent occupation, and bind himself to no obligations, or create any permanent ties, business or domestic. But so much for the reasons for the view that an indefinite deferment of sentence is not warranted by matters which merely rest in pais. Let some reference be made to the cases.

In the case of United States v. Wilson, 46 F. 748, in an opinion by Judge Beatty, of the Circuit Court for the District of Idaho, it was said:

"The questions for determination are, first, the power of a court to indefinitely suspend sentence, and, next, to revoke such order of suspension and to proceed to judgment. There can be no doubt of the right of a court to temporarily suspend its judgment, and continue to do so from time to time in a criminal cause, for the purpose of hearing and determining motions and other proceedings which may occur after verdict, and which may properly be considered before judgment, or for other good cause. In this cause, however, the record does not show that the suspension was for any such reason, or for a certain or short time, but, on the contrary, it appears it was for such uncertain time as the defendant should continue to remain so favorably impressed with the laws of the land as to obey them. Instead of this being a mere suspension of sentence, it operated as a condonation of the offense, and an exercise of a pardoning power, which was never conferred upon the court. In this I think the court clearly transcended its authority."

In the case of Ex parte Singer, supra, at page 63, the court said:

"So it is clear from the authorities that a court may, by appropriate action, retain jurisdiction of a criminal cause, for a lawful purpose, beyond the term of the conviction and may impose sentence at a later term. But, when a court declines to take action at the term of the conviction, it thereby inevitably postpones sentence, and when (in the absence of statute or accepted practice) a court postpones sentence silently—that is, without an indication of a lawful purpose— it in effect postpones sentence indefinitely. The weight of authority is that, when a court has, without a valid reason and quite indefinitely, postponed the pronouncement of sentence, it cannot at a subsequent term proceed to judgment by imposing sentence."

The case of Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355, while not discussing the precise situation here confronting us, touching whether an indefinite deferment of sentence in a criminal case causes the trial court to lose jurisdiction to validly im-

pose a sentence, yet holds that a trial court has no power to permanently defer sentence in such a case. Somewhat appositely to the questions here, the court said in that case, this:

"While it may not be doubted under the common law as thus stated that courts possessed and asserted the right to exert judicial discretion in the enforcement of the law to temporarily suspend either the imposition of sentence or its execution when imposed, to the end that pardon might be procured or that a violation of law in other respects might be prevented, we are unable to perceive any ground for sustaining the proposition that at common law the courts possessed or claimed the right which is here insisted upon. No elaboration could make this plainer than does the text of the passages quoted. It is true that, owing to the want of power in common-law courts to grant new trials and to the absence of a right to review convictions in a higher court, it is we think to be conceded: (a) That both suspensions of sentence and suspensions of the enforcement of sentence, temporary in character, were often resorted to on grounds of error or miscarriage of justice, which, under our system, would be corrected either by new trials or by the exercise of the power to review; (b) that not infrequently, where the suspension either of the imposition of a sentence or of its execution was made for the purpose of enabling a pardon to be sought or bestowed, by a failure to further proceed in the criminal cause in the future, although no pardon had been sought or obtained, the punishment fixed by law was escaped. But neither of these conditions serves to convert the mere exercise of a judicial discretion to temporarily suspend for the accomplishment of a purpose contemplated by law into the existence of an arbitrary judicial power to permanently refuse to enforce the law."

The great weight of authority in the state courts is in favor of the rule that (absent a statute, and there was no such federal statute when the matter complained of, in the case at bar, occurred) when sentence is indefinitely deferred by an order of court (except to an indefinite day in the current term), the court loses jurisdiction to impose a legal sentence. Grundel v. People, 33 Colo. 191, 79 P. 1022, 108 Am. St. Rep. 75; State v. Hockett, 129 Mo. App. 639, 108 S. W. 599; State v. Sapp, 87 Kan. 740, 125 P. 78, 42 L. R. A. (N. S.) 249; In re Peterson, 19 Idaho, 433, 113 P. 729, 33 L. R. A. (N. S.) 1067; Gray v. State, 107 Ind. 177, 8 N. E. 16; Weaver v. People, 33 Mich. 296; In re Flint, 25 Utah,

338, 71 P. 531, 95 Am. St. Rep. 853; People v. Barrett, 202 Ill. 287, 67 N. E. 23, 63 L. R. A. 82, 95 Am. St. Rep. 230; People v. Allen, 155 Ill. 61, 39 N. E. 568, 41 L. R. A. 473; Warner v. State, 194 Ind. 426, 143 N. E. 288; In re Beck, 63 Kan. 57, 64 P. 971; Com. v. Maloney, 145 Mass. 205, 13 N. E. 482; Collins v. State (Okl. Cr. App.) 217 P. 896; People v. Morrisette, 20 How. Prac. (N. Y.) 118; People v. Brown, 54 Mich. 15, 19 N. W. 571; Ex parte Cornwall, 223 Mo. 259, 122 S. W. 666; 135 Am. St. Rep. 507; People v. Blackburn, 6 Utah, 347, 23 P. 759; State v. Langum, 112 Minn. 121, 127 N. W. 465; In re Strickler, 51 Kan. 700, 33 P. 620; Tuttle v. Lang, 100 Me. 123, 60 A. 892; State v. Voss, 80 Iowa, 467, 45 N. W. 898, 8 L. R. A. 767; In re Webb, 89 Wis. 354, 62 N. W. 177, 27 L. R. A. 356, 46 Am. St. Rep. 846; Ex parte Clendenning, 22 Okl. 108, 97 P. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628.

In the case of People v. Barrett, supra, at page 24 (202 Ill. 290), the Supreme Court of Illinois, speaking of a case wherein there had occurred an indefinite deferment of sentence for a period of six years, the court said:

"There can be no doubt that a court has the right, in a criminal cause, to delay pronouncing judgment for a reasonable time, for the purpose of hearing and determining motions for a new trial or in arrest of judgment, or to give the defendant time to perfect an appeal or writ of error, or for other proper causes; but to suspend indefinitely the pronouncing of the sentence after conviction, or to suspend indefinitely the execution of the judgment after sentence pronounced, is not within the power of the court. To allow such a power would place the criminal at the caprice of the judge. If the judge can delay the sentence one year, he could delay it for fifteeen years, or any length of time."

In the case of Collins v. State, supra, the Court of Criminal Appeals of Oklahoma, in a case of indefinite deferment of sentence, wherein the elapsed time between conviction and sentence was twenty-six months, said this:

"It seems to be well settled that, in the absence of a statute to the contrary, sentence need not necessarily be imposed at the same term of court at which the verdict or plea of guilty was had, and, if the court's purpose in postponing the imposition of sentence is incident to the administration of justice within its conceded powers, and its orders postponing sentence are unconditional and to definite periods, the jurisdiction of the court to impose sentence at a term after the trial term is not affected. [Citing cases.] Upon a care-

ful review of the record in this case, we are convinced that the trial court lost jurisdiction to pronounce judgment on the verdict returned on January 18, 1917. By the order of the trial court entered on March 17, 1919, no definite time was fixed within which sentence should be pronounced. The failure of the trial court to enter judgment at the time appointed or when the order of postponement was made, or at the succeeding term, was, we think, a practical abandonment of the prosecution, and the trial court having failed to exercise its power to pronounce judgment in the defendant's absence in term time, or during the succeeding term, or to enter proper orders postponing the time when sentence should be pronounced, lost jurisdiction to pronounce judgment on said verdict long before said court was abolished."

In the case of Grundel v. People, supra, when some thirty-nine months elapsed between conviction and sentence, and when such sentence was indefinitely postponed, the court at page 1023 (33 Colo. 192) said:

"By the order entered at the August term, no definite time was fixed within which sentence should be pronounced. The defendants were released upon their own recognizance. Whether or not they would ever be called to the bar for sentence was contingent upon the action of the prosecuting officer. Three years and three months elapsed before such action was taken. This delay, unexplained, in connection with the order under which they were released, was equivalent to an indefinite postponement of sentence. There is no statute which permits this practice, and hence the court was without jurisdiction to pronounce judgment against them."

The case of Morgan v. Adams, 226 F. 719, 141 C. C. A. 475, decided by this court, does not at all militate against the conclusion here reached. In that case sentence was duly and timely imposed. After sentence was pronounced on the 10th day of February, 1913, an order was entered staying execution of such sentence during the good behavior of the accused. On the 13th day of November, 1913, and during the second term of the court after sentence was pronounced and entered, the court made an order vacating the order so suspending execution and the defendant therein was incarcerated on the original sentence. Obviously, that case is not this case. The point in the case of Morgan v. Adams, supra, is concretely expressed by the court in a quotation from another court, thus: "Concede" says Judge Young, in State ex rel. Buckley v. Drew, 75 N. H. 402, 74 A. 875, "that the court had no authority to suspend

the [defendant's] sentences; • • • and as the two parts of the order are separate and distinct, the illegality of the last part would in no way effect the validity of the first part."

[5] Something is said in the brief of the government, hinting at some modicum of reliance on the Act of March 4, 1925 (Comp. St. §§ 10564⅘–10564⅘c), which conferred on District Courts the affirmative power, either to parole after sentence or to defer the imposition of sentence pending good behavior. Whatever may be the effect, of the act above mentioned, on the power of a court to indefinitely defer a sentence in a criminal case, that act has no bearing on the case at bar, because it was not enacted for more than two years after the sentence here dealt with was indefinitely postponed, and therefore the act could not validate what was here done. Besides, the record is bare of any suggestion that any attempt was made, to grant defendant a parole or to vacate a parole which had been granted. The effect of the Act of March 4, 1925, since it has taken effect, upon such a situation as is here presented is not at all considered. It will be time enough to construe the above act as to its effect on an indefinite suspension of the imposition of sentence, when we shall in some future case meet the point face to face.

It results from what is said that the case must be reversed and remanded to the trial court, with directions to grant the writ and discharge the defendant, and so it is ordered.