## Ex parte DE ANGELO.
### No. 5868.

Circuit Court of Appeals, Sixth Circuit.
June 30, 1931.

P. M. Herbert, of Columbus, Ohio (H. A. Toland, of Columbus, Ohio, on the brief), for appellant.

R. H. Hildebrant, of Dayton, Ohio (Haveth E. Mau, of Cincinnati, Ohio, on the brief), for appellee.

Before DENISON and HICKENLOOPER, Circuit Judges, and SIMONS, District Judge.

SIMONS, District Judge.

The appellant was jointly indicted with two others for conspiracy to violate the National Prohibition Law. On June 22, 1928, he withdrew a plea of not guilty and entered a plea of guilty. Subsequently, on June 27, 1928, his codefendants were tried, found guilty, and sentenced. Sentence upon the appellant was deferred without designation of any specific date in the then or any succeeding term upon which sentence would be imposed. Nothing further is shown in the record relative to the disposition of appellant's plea until July 15, 1930, when he was called into court and sentenced, such sentence being imposed in the fourth term following that in which his sentence was deferred. A final commitment being issued against him, appellant filed application for a writ of habeas corpus, which was dismissed. At the hearing upon the writ the court records were produced in evidence, and were supplemented by oral testimony, and a statement of the sentencing judge read into the record. From such evidence it appears that at the time the appellant pleaded guilty his codefendants had not yet been tried; that upon entering his plea the defendant, or his counsel, represented to the court that the defendant would like to have some time to arrange his business affairs; that subsequently the appellant went to the District Judge and asked that he be given a chance. In September, 1928, he called the United States attorney to ascertain when he would be wanted for sentence, and was told that when wanted he would be called. Subsequently the sentencing judge had further conversation with the appellant while in the pursuit of some investigation in relation to his two codefendants. Appellant was later indicted upon a narcotic charge, and pending trial nothing was done in respect of sentence on his former plea. After appellant's acquittal on the narcotic charge he was brought into court to be sentenced on the conspiracy indictment.

It is now contended that the sentence of the appellant was invalid because the court having deferred the sentence indefinitely, and the then and next succeeding terms of court having expired, had lost jurisdiction to impose any sentence.

Prior to the passage of the Federal Probation Law, 43 Statutes, 1259, Act of March 4th, 1925 (18 USCA §§ 724–727), it had been held that: courts have no power to suspend sentence except for short periods pending the determination of other motions or considerations in the cause after verdict, and that when the court has by order indefinitely suspended sentence it cannot thereafter, and especially at a subsequent term, revoke such order and proceed to judgment by sentencing the defendant, United States v. Wilson (C. C.) 46 F. 748; that a court may, by appropriate action, retain jurisdiction of a criminal cause for a lawful purpose beyond the term of the conviction, and may impose such sentence at a later term, but (in the absence of a statute or accepted practice) the mere silent postponement of sentence in effect postpones sentence indefinitely, and precludes the court from pronouncing sentence at a subsequent term, Ex Parte Singer, 284 F. 60 (C. C. A. 3); Mintie v. Biddle, 15 F.(2d) 931 (C. C. A. 8); that jurisdiction to impose sentence at a term after the trial term is retained where the court's purpose in postponing sentence is not to pardon or parole, but is inci-

dent to the administration of justice within its powers, and its orders of postponement are unconditional and for a definite period, Miner v. United States (C. C. A.) 244 F. 422; Musick v. United States (C. C. A.) 2 F.(2d) 711. In Ormsby v. United States (C. C. A.) 273 F. 977, it was thought by this court to be competent for the trial court to postpone the imposition of sentence after conviction to give opportunity for the consideration of a motion for a new trial, or to enable the judge to better satisfy his own mind as to what the punishment ought to be.

Much might be said of the indications contained in the present record that there was here no intention to postpone sentence indefinitely, nor to use such postponement for an unlawful purpose, such as an exercise by the court of the power to pardon, or parole, within the condemnation of Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355 (the Killits Case), and that the postponement here was to enable the judge to better satisfy his own mind as to what the punishment ought to be. Such indications are found in the fact that at the time of postponement appellant's codefendants had not yet been tried, that later the District Judge was pursuing an investigation in respect to them, and that still later appellant was awaiting trial upon another charge, but we are not called upon to decide the case upon such grounds.

 When the appellant's sentence was postponed the Federal Probation Law was in force. This statute conferred upon courts of the United States having original jurisdiction of criminal actions the power to suspend the imposition or execution of sentence. Granted that in the instant case the sentencing judge did not specifically indicate that the postponement of sentence was a suspension of its imposition under the Probation Law. We are dealing with the question of judicial power. If what the court did, by whatever name it may be called, operated as a suspension of the imposition of sentence, it was clearly within the power of the court to do it. The decisions in the Singer Case, the Mintie Case, and others, were predicated on the absence of a statute conferring upon courts the power to suspend sentence. We now have the statute. Granted also that the Probation Law limits the period of suspension to five years, and that an indefinite suspension may be invalid, yet under the rule of the Killits Case (Ex parte United States), supra, the judge might be required by manda-

mus to eliminate such suspension, or to make it definite, and it follows that without mandamus he could, as he later did, the defendant being present, eliminate suspension and order commitment to the penitentiary. United States ex rel. Campbell v. Bishop, Morale Officer, 47 F.(2d) 95 (C. C. A. 5).

This court in Evans v. District Judge, 12 F.(2d) 64, indicated that in its judgment the act does not contemplate that request to be put on probation should be the subject of formal applications, hearings, and orders. The same may, of course, be said with respect to suspending the imposition of sentence. The Courts of Appeals of the Eighth and the Fourth Circuits have held that much latitude is allowed District Judges in enforcement of the Probation Act. Reeves v. United States, 35 F.(2d) 323; Riggs v. United States, 14 F.(2d) 5. The court in Mintie v. Biddle, supra, was of the opinion that the Probation Law had no bearing on the case there considered, because it was not enacted for more than two years after the sentence dealt with was postponed. It suggested however, that it would be time enough to construe the act as to its effect on an indefinite suspension of the imposition of sentence when the court in some future case should meet the point face to face. We have here met it, and it results from what is said that the order of the District Judge in dismissing the writ is affirmed.