### Ex parte SINGER.

(Circuit Court of Appeals, Third Circuit. September 21, 1922.)

No. 2941.

**1. Criminal law ☞977(3)—Court may suspend judgment.**

It is competent for a court temporarily to suspend its judgment, and continue to do so from time to time and from term to term, in a criminal cause, in order to hear and determine motions and other proceedings which may occur after verdict, and which may properly be considered before judgment, to gain information that will lead to a just sentence, to give the prisoner an opportunity to perfect an appeal, or to further any legitimate purpose.

**2. Pardon ☞4—Court cannot, by postponing pronouncement of sentence or execution of an imposed sentence, exercise a power of parole or of pardon.**

A court cannot, by the artifice of postponing pronouncement of sentence and postponing the execution of a sentence imposed, exercise a power of parole conditioned on good behavior, or a pardon not conferred on it.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

**3. Criminal law ⊂⊃977(3)—Silent postponement of pronouncement of sentence precludes court from pronouncing sentence at subsequent term.**

A court may, by appropriate action, retain jurisdiction of a criminal cause for a lawful purpose beyond the term of the conviction, and may impose sentence at a later term; but, in the absence of a statute or accepted practice, the mere silent postponement of sentence in effect postpones sentence indefinitely, and precludes the court from pronouncing sentence at a subsequent term.

**4. Criminal law ⊂⊃977(3)—Court held to have indefinitely postponed pronouncement of sentence.**

Where defendant was convicted of violating the Volstead Act on both counts of an information, and was subsequently convicted of violation of such statute on four counts of an indictment, the court, by imposing a sentence on one count of the indictment, with the statement that "I am not at this time going to sentence you on the other charges which are standing against you in this court," in effect indefinitely postponed pronouncement of sentence on other counts, precluding it from pronouncing sentence at a subsequent term.

**5. Criminal law ⊂⊃1083—Writ of error held not to preserve trial court's jurisdiction over conviction on counts for which no sentences had been imposed.**

Where a defendant was convicted of violating the Volstead Act on two counts of an information, and was subsequently convicted of violating the statute under four counts of an indictment, and the court imposed sentence for conviction under only one count of the indictment, a writ of error directed to the "judgment" of the court did not preserve to the trial court jurisdiction over all the counts of the information and indictment.

Petition by Samuel Singer for writ of habeas corpus. Petitioner discharged.

See, also, 278 Fed. 415.

James Mercer Davis, of Camden, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Frederic M. P. Pearse, Asst. U. S. Atty., of Newark, N. J.

Before WOOLLEY, Circuit Judge.

WOOLLEY, Circuit Judge. I shall state very briefly the facts on which the pending petition for a writ of habeas corpus is based and cite with little discussion the cases in which may be found the principle of law controlling its determination.

On March 8, 1921, Samuel Singer was convicted by a jury in the District Court of the United States for the District of New Jersey on both counts of an information charging him, first, with the transportation of liquor, and second, with the sale of liquor, in violation of the Volstead Act. 41 Stat. 305.

On March 17, 1921, Singer was also convicted by a jury in the same court on four counts of an indictment; the first and third charged him with the sale of liquor, and the second and fourth with the transportation of liquor, in violation of the same act. After a motion in arrest of judgment had been denied, the court sentenced Singer on the third count of the indictment to pay a fine and be imprisoned for a term of three years. No proceedings were had, orders made, or action taken by the court with reference to the imposition of sentence on the two counts of the information, or on the remaining three counts of the

indictment. In imposing sentence on the third count alone, the learned trial judge, speaking to the prisoner, simply said:

"I am going to sentence you on the third count of the indictment on which you were convicted, and I am not at this time going to sentence you on the other charges which are standing against you in this court."

In colloquy with counsel the trial judge disclosed that he had imposed the sentence of three years on the third count upon the theory that the conviction on that count was for a second offense. 41 Stat. 305, § 29. Singer prosecuted a writ of error from the United States Circuit Court of Appeals for the Third Circuit against the judgment so entered, assigning as error, among other things, the illegality of the sentence. The Circuit Court of Appeals overruled all assignments of error based on the proceedings at the trial but reversed the judgment entered on the third count on a finding that the offense there charged was not a second offense and remanded the case "for imposition of sentence in accordance with law." Singer v. United States, 278 Fed. 415.

In obedience to the mandate of the appellate court the trial judge, on March 20, 1922, imposed upon Singer a new sentence, under the third count of the indictment, of imprisonment for a term of six months. He then for the first time imposed a sentence under the first count of the indictment for a like term and also for the first time imposed a sentence under the second count of the information for a like term (all three counts being for the sale of liquor), and prescribed that the term of each sentence shall "not * * * run concurrently with any other sentence this day imposed." Between the term at which Singer was convicted on the information and on the indictment and the term at which the last two sentences were imposed there intervened three full terms of the District Court. Singer, having served the term of the sentence lawfully reimposed under the third count of the indictment, now presents his petition for a writ of habeas corpus, alleging that he is unjustly and illegally restrained of his liberty by reason of illegal and void commitments based on the sentences of imprisonment imposed on the second count of the information and the first count of the indictment by a court without jurisdiction lawfully to impose the same. This general averment is predicated on the proposition of law, as framed by Singer, that the power of a court to pronounce judgment and impose sentence in a criminal case is lost with the passing of the term at which the verdict is rendered.

[1, 2] In determining Singer's rights on this petition I have not found it necessary to consider or decide this proposition as broadly stated. My inquiry has been directed to what the trial judge did rather than to the term at which he did it. What the trial judge did at the trial term was to pass by the imposition of sentence upon the conviction on both counts of the information and on three counts of the indictment. This was in effect a suspension of the imposition of sentence; whether temporary or permanent the judge did not state. As to the power of a court to suspend sentence in given circumstances, there can be no doubt. Certainly it is competent for a court temporarily to suspend its judgment, and continue to do so from time to time, and

indeed from term to term, in a criminal cause for the purpose of hearing and determining motions and other proceedings which may occur after verdict and which may properly be considered before judgment; also to gain information that will lead to a just sentence; to give the prisoner an opportunity to perfect an appeal; and, in fact, "for any legitimate purpose," or "good and valid reason." But a court cannot by the artifice of postponing pronouncement of sentence exercise a power of parole conditioned upon good behavior, or of pardon, not conferred upon it, any more than it can exercise such power by postponing the execution of a sentence imposed. United States v. Wilson (C. C.) 46 Fed. 748, 749; Ex parte United States, 242 U. S. 27, 46, 37 Sup. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355; Kansas v. Sapp, 87 Kan. 740, 125 Pac. 78, 42 L. R. A. (N. S.) 249; Miner v. United States, 244 Fed. 422, 157 C. C. A. 48, 3 A. L. R. 995, and cases cited.

[3, 4] So it is clear from the authorities that a court may, by appropriate action, retain jurisdiction of a criminal cause, for a lawful purpose, beyond the term of the conviction and may impose sentence at a later term. But when a court declines to take action at the term of the conviction, it thereby inevitably postpones sentence, and when (in the absence of statute or accepted practice) a court postpones sentence silently, that is, without an indication of a lawful purpose, it in effect postpones sentence indefinitely. The weight of authority is that when a court has, without a valid reason and quite indefinitely, postponed the pronouncement of sentence, it cannot at a subsequent term proceed to judgment by imposing sentence. United States v. Wilson (C. C.) 46 Fed. 748; Ex parte United States, 242 U. S. 27, 50, 37 Sup. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. Considering this general proposition with reference to the facts of this case, there is ample authority for the rule that while a court may, for a valid purpose, suspend judgment over a criminal in toto until another term, it has no power on one conviction to pronounce judgment under one count in an indictment and reserve the right indefinitely, and according to the development of events in the future, to punish him under another count at a subsequent term. State v. Crook, 115 N. C. 760, 20 S. E. 513, 29 L. R. A. 260, 261. That the inaction of the trial judge at the trial term on all counts of the information and on all counts of the indictment (save one) was, in effect, such a postponement of sentence, I cannot doubt. The judge said to the prisoner: "I am not *at this time* going to sentence you on the other charges." This left it uncertain whether he intended or did not intend to impose sentence on the other charges at some other time. That the postponement was therefore indefinite is clear. The judge did nothing for a year. He then imposed sentence without a reason other than the one to be inferred from the difference in the length of the prisoner's term wrought by the decree of reversal on the writ of error. If, after taking no action on the conviction under the first and second counts of the information and under the first, second, and fourth counts of the indictment for more than three terms, the trial judge retained jurisdiction to enter judgment by imposing sentence under the second count of

the information and under the first count of the indictment (sale counts), he has like jurisdiction, now or any time in the future, to impose sentence on the conviction under the first count of the information and second and fourth counts of the indictment (transportation counts), with reference to which the imposition of sentence is still pending. Clearly such a proposition cannot be sustained by any principle of law found in the authorities.

[5] Nor was jurisdiction over the conviction on all the counts of the information and the indictment preserved to the trial court by the writ of error. The writ of error was not directed to Singer's "conviction"; it was directed to the "judgment" of the court in imposing sentence on his conviction under the third count. In re Friedrich (C. C.) 51 Fed. 747, 749. That was the only judgment in the case. Therefore that alone was the matter before the Circuit Court of Appeals on the writ. True, the writ of error brought the whole trial under review but the review extended only to the trial as it sustained the judgment entered on the conviction under the third count. The writ did not cure or otherwise affect the later action of the trial judge in entering judgment on the conviction under the other counts of the indictment. And of course the writ had no possible connection with or effect upon the conviction under the information.

For these reasons, based on the authorities cited, I am of opinion that the trial judge had lost control over the two causes, save what was preserved by the writ of error, when he imposed the sentences here complained of. Therefore, I conclude—wholly without regard to the gravity of his offences—that Samuel Singer is unjustly and illegally restrained of his liberty by force of commitments issued pursuant to the illegal sentences imposed, and that, in consequence, he should be released from prison.

### In the Matter of Samuel Singer, Petitioner.

#### On Habeas Corpus, Order of Discharge.

This matter coming on to be heard in the presence of James Mercer Davis, Attorney for Petitioner and Walter G. Winne, District Attorney, for the District of New Jersey, and the body of Samuel Singer, in the writ of habeas corpus issued in this matter, mentioned, being brought before me at the place in the said writ named, together with the return thereto, and copies of the several commitments made by United States District Court, for the District of New Jersey, by virtue whereof, the said Samuel Singer, is detained and lodged in the Essex County Jail in custody of the warden thereof, now produced, being read and considered and it appearing to me that the several sentences and commitments of the United States District Court for the District of New Jersey, save the sentence and the commitment upon the third count of the indictment are invalid for the reasons stated in the memorandum filed by me in this matter.

And it further appearing that the said Samuel Singer, has served the sentence imposed upon him upon the third count of said indictment and sufficient cause being shown, I, Victor B. Woolley, Judge of

the United States Circuit Court of Appeals for the Third Circuit, do hereby order that the said Samuel Singer be, by the warden of the Essex County Jail, forthwith discharged from further imprisonment and detention by reason of the said several commitments now lodged against the said Samuel Singer.

Witness my hand, this twentieth day of September, 1922.

VICTOR B. WOOLLEY, Circuit Judge.