### Ex parte DELLAN.

### DELLAN v. UNITED STATES et al.

Circuit Court of Appeals, Ninth Circuit. May 14, 1928.

No. 5313.

**1. Criminal law ⊚⟹977(3)—Court indefinitely postponing imposition of sentence without valid reason may not pronounce sentence at subsequent term.**

When a court without a valid reason and quite indefinitely postpones the imposition of sentence, it may not pronounce sentence at a subsequent term.

**2. Criminal law ⊚⟹977(3)—Court was not without jurisdiction to pronounce sentence after continuing imposition thereof for two terms.**

Where, after plea of guilty imposition of sentence was continued for two succeeding terms of court, and at second succeeding term order was made striking case from term trial calendar, court was not without jurisdiction to thereafter pronounce sentence; it being obvious that case was struck from the calendar because it had been inadvertently listed therein at a time when no trial was pending.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

Application by Marcel Dellan for a writ of habeas corpus against the United States and another. Judgment denying the writ, and petitioner appeals. Affirmed.

Russell Graham and Mack Meader, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Elden McFarland, Asst. U. S. Atty., both of Los Angeles, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. At the July, 1926, term of the court below, the appellant entered a plea of guilty to an indictment. An order was made continuing the imposition of his sentence to the January, 1927, term of court. During that term orders were made from time to time continuing the matter to specified dates, until on March 15, 1927, an order was entered continuing it to the July, 1927, term. At the beginning of that term the case was entered on the term trial calendar, and five days later an order was made striking it from that calendar. During the July term, on November 14, 1927, the appellant was sentenced. He filed in the court below his petition for ha-

beas corpus alleging that the continuances of the court were indefinite, and that sentence imposed on November 14, 1927, was void for the reason that the court had lost jurisdiction to pronounce sentence at any time during that term. The writ of habeas corpus was denied.

[1, 2] It is not disputed that, when a court without a valid reason and quite indefinitely postpones the imposition of sentence, it may not pronounce sentence at a subsequent term. Ex parte Singer (C. C. A.) 284 F. 60. The appellant contends that jurisdiction was lost when on July 12, 1927, the court entered an order striking the case from the term trial calendar. We cannot agree that jurisdiction was thus lost or that the court was powerless at a later day in the same term to take up the consideration of the matter of the appellant's sentence, and pronounce judgment as was done in this case. The case was struck from the term trial calendar of the July term obviously for the reason that no trial was pending against the appellant, and the cause had been inadvertently listed upon a calendar where it had no proper place. But whatever the reason, it is clear that jurisdiction was not lost by merely placing on or off the term trial calendar a matter which was properly pending before the court at the July, 1927, term, and which before the expiration of that term was disposed of by the judgment of the court.

The appellant relies upon Ex parte Singer, supra, and Mintie v. Biddle (C. C. A.) 15 F.(2d) 931. In the Singer Case, the defendant was convicted in March, 1921, and no sentence was imposed, and no order was made continuing the same. A year after conviction the sentence was imposed. It was held that the court had lost jurisdiction to sentence the defendant. But the court affirmed the general rule applicable here in saying: "It is competent for a court temporarily to suspend its judgment, and continue to do so from time to time, and indeed from term to term, in a criminal cause for the purpose of hearing and determining motions and other proceedings which may occur after verdict and which may properly be considered before judgment." And such was also admitted to be the law in Mintie v. Biddle. But in that case sentence was deferred indefinitely, and four terms thereafter elapsed before any order of record was made. A decision directly in point upon facts similar to those in the case at bar is Miner v. United States (C. C. A.) 244 F. 422. In that case continuances were ordered from term to term, and the court held, notwithstanding that the postponements from term to term were unconditional, that it must be presumed that they were for a lawful purpose; the reasons not appearing of record. Other cases so holding are Musick v. United States (C. C. A.) 2 F.(2d) 711, and Gillespie v. Walker (C. C. A.) 296 F. 330.

The judgment is affirmed.